## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**, *et al*.,

                Plaintiffs,

                v.                     Civil Action No. 15-cv-00256 (APM)

**SYSCO CORPORATION**,

and

**USF HOLDING CORP.**,

and

**US FOODS, INC.**,

                Defendants.

### [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

For the purpose of protecting the interests of the parties and third parties in the above-captioned matter against improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Protective Order Governing Confidential Material ("Protective Order") shall govern the handling of all Confidential Material, as hereafter defined.

1.      As used in this Order, "Confidential Material" shall refer to any document or portion thereof that contains privileged information, competitively sensitive information, or sensitive personal information. "Sensitive personal information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial information, credit card or debit card number, driver's license number, state-issued identification

number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records.  "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a party or a third party.  "Commission" shall refer to the Federal Trade Commission ("FTC"), or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for purposes of this proceeding.

2.    Any document or portion thereof submitted by a Defendant or a third party during a Federal Trade Commission investigation or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Materials derived from a document subject to this Order, shall be treated as Confidential Material for purposes of this Order.  The identity of a third party submitting such Confidential Material shall also be treated as Confidential Material for the purposes of this Order where the submitter has requested such confidential treatment.

3.    The parties and any third parties, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding may designate any responsive document or portion thereof as Confidential Material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4.    The parties, in conducting discovery from third parties, shall provide to each third party a copy of this Order so as to inform each third party of his, her, or its rights herein.

5.      A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain, that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Order.

6.      Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of documents is confidential, by placing or affixing to that folder or box, the designation "CONFIDENTIAL–FTC, *et al.* v. Sysco Corp., *et al.*, Case No. XXXX," or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the document considered to be Confidential Material. Confidential information contained in electronic documents may also be designated as confidential by placing the designation "CONFIDENTIAL–FTC, *et al.* v. Sysco Corp., *et al*., Case No. XXXX," or any other appropriate notice that identifies this proceeding, on the face of the CD or DVD or other medium on which the document is produced.  Masked or otherwise redacted copies of documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

7.      Confidential Material shall be disclosed only to:  (a) the Court presiding over this proceeding, personnel assisting the Court, the Plaintiffs, any state or commonwealth that may hereafter join this action as a plaintiff (provided such state or commonwealth has signed an agreement to abide by the terms of this Protective Order), Plaintiffs' employees, and personnel retained by Plaintiffs as experts or consultants for this proceeding; (b) judges and other court personnel of any court having jurisdiction of any appellate proceeding involving this matter;

(c) outside counsel of record for any Defendant, their associated attorneys, and other employees

of their law firm(s), provided they are not employees of a Defendant; (d) anyone retained to

assist outside counsel in the preparation or hearing of this proceeding including consultants,

provided they are not affiliated in any way with a Defendant and have signed an agreement to

abide by the terms of the protective order; and (e) any witness or deponent who may have

authored or received the information in question.

8.      Disclosure of Confidential Material to any person described in Paragraph 7 of this

Order shall be only for the purposes of the preparation and hearing of this proceeding, or any

appeal therefrom, and for no other purpose whatsoever, provided, however, that the Commission

may, subject to taking appropriate steps to preserve the confidentiality of such material, use or

disclose Confidential Material as provided by its Rules of Practice, sections 6(f) and 21 of the

Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

9.      In the event that any Confidential Material is contained in any pleading, motion,

exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the

Party filing such papers, and such papers shall be filed *in camera*.  To the extent that such

material was originally submitted by a third party, the Party including the materials in its papers

shall immediately notify the submitter of such inclusion.  Confidential Material contained in the

papers shall continue to have *in camera* treatment until further order of the Court, provided,

however, that such papers may be furnished to persons or entities who may receive Confidential

Material pursuant to Paragraphs 7 or 8.  Upon or after filing any paper containing Confidential

Material, the filing party shall file on the public record a duplicate copy of the paper that does

not reveal Confidential Material.  Further, if the protection for any such material expires, a party

may file on the public record a duplicate copy which also contains the formerly protected material.

10.     If counsel plans to introduce into evidence at the hearing any document or transcript containing Confidential Material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of allowing that party to seek an order that the document or transcript be granted *in camera* treatment.  If that party wishes *in camera* treatment for the document or transcript, the party shall file an appropriate motion with the Court within 5 days after it receives such notice.  Except where such an order is granted, all documents and transcripts shall be part of the public record.  Where *in camera* treatment is granted, a duplicate copy of such document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

11.     If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another party or third party, the recipient of the discovery request shall promptly notify the submitter of receipt of such request.  Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least 10 business days before production, and shall include a copy of this Protective Order and a cover letter that will apprise the submitter of its rights hereunder.  Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court.  The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential Material.  In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice,

16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

12.     At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information.  At the conclusion of this proceeding, including the exhaustion of judicial review, the parties shall return documents obtained in this action to their submitters, provided, however, that the Commission's obligation to return documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. §  4.12.

13.     The provisions of this Protective Order, insofar as they restrict the communication and use of confidential discovery material, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this proceeding.

ISSUED this  ____ day of _____, 2015, at _____ a.m./p.m.

ORDERED:


_____

United States District Court Judge

## NAMES OF PERSONS TO BE SERVED

Stephen Weissman
Deputy Director
Bureau of Competition
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580
202-326-2030
SWeissman@ftc.gov

Counsel for Plaintiff Federal Trade Commission

Tracy W. Wertz
Chief Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-4530
twertz@attorneygeneral.gov

Counsel for Plaintiff Commonwealth of Pennsylvania

Sarah Oxenham Allen
Assistant Attorney General
Consumer Protection Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
804-786-6557
SOAllen@oag.state.va.us

Counsel for Plaintiff Commonwealth of Virginia

Nicholas A. Bush
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
202-442-9841
nicholas.bush@dc.gov

Counsel for Plaintiff District of Columbia

Abiel Garcia
Deputy Attorney General
Office of the Attorney General of California
300 South Spring Street, Suite 1700
Los Angeles, CA 90013
213-897-2691
abiel.garcia@doj.ca.gov

Counsel for Plaintiff State of California

Robert W. Pratt
Office of Illinois Attorney General
100 West Randolph Street
Chicago, IL 60601
312-814-3722
rpratt@atg.state.il.us

Counsel for Plaintiff State of Illinois

Layne M. Lindebak
Assistant Attorney General
Iowa Department of Justice
Hoover Office Building, Second Floor
1305 East Walnut Street
Des Moines, IA 50309
515-281-7054
Layne.Lindebak@iowa.gov

Counsel for Plaintiff State of Iowa

Gary Honick
Assistant Attorney General
Office of the Maryland Attorney General
Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6470
ghonick@oag.state.md.us

Counsel for Plaintiff State of Maryland

Benjamin Velzen
Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
651-757-1235
benjamin.velzen@ag.state.mn.us

Counsel for Plaintiff State of Minnesota

Collin Kessner
Assistant Attorney General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
402-471-2683
collin.kessner@nebraska.gov

Counsel for Plaintiff State of Nebraska

Kimberly R. Parks
Antitrust Division
150 E. Gay Street, 23rd Floor
Columbus, OH 43215
(614) 466-4328
Kimberly.Parks@ohioattorneygeneral.gov

Counsel for Plaintiff State of Ohio

Victor J. Domen, Jr.
Senior Antitrust Counsel
Office of the Attorney General and Reporter
500 Charlotte Avenue
Nashville, TN  37202
615-253-3327
Vic.Domen@ag.tn.gov

Counsel for Plaintiff State of Tennessee

Richard Parker
Edward Hassi
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
202-383-5380
rparker@omm.com

Marc Wolinsky
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019
212-403-1226
MWolinsky@wlrk.com

Counsel for Defendant Sysco Corporation

Joseph F. Tringali
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY, 10017
212-455-3840
jtringali@stblaw.com

Counsel for Defendants USF Holding Corp. and US Foods, Inc.