**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FEDERAL TRADE COMMISSION, *et al.*,

      Plaintiffs,

    v.

SYSCO CORPORATION,

     and

USF HOLDING CORP.,

     and

US FOODS, INC.,

      Defendants.

Civil Action No. 1:15-cv-00256-APM

**DEFENDANT SYSCO CORPORATION'S ANSWER TO COMPLAINT**

Defendant Sysco Corporation ("Sysco"), by and through its attorneys, admits, denies, and avers as follows with respect to the Complaint (dated February 19, 2015):

**GENERAL RESPONSE TO PLAINTIFFS' ALLEGATIONS**

Sysco states that the premise of the Complaint—that the merger between Sysco and USF Holding Corp. and US Foods, Inc. (together, "US Foods") is anticompetitive—is ill-conceived and reflects an erroneous application of the antitrust laws to business behavior that is inherently localized, populated with numerous competitors, marked by ongoing entry, and defined by fierce competition. Plaintiffs' challenge to the merger therefore is a repudiation of well-established antitrust doctrine.

To the extent the Complaint's preamble requires a response, Sysco denies the allegations alleged therein except:  (a) admits that Plaintiffs have petitioned this Court for a temporary restraining order and preliminary injunction enjoining Sysco from consummating its proposed merger with US Foods; (b) admits that the Commission, by a vote of 3-2, commenced an administrative proceeding regarding the merger; (c) admits that the administrative trial is currently scheduled to begin on July 21, 2015; (d) avers that Sysco agreed, via a stipulation with Plaintiffs, not to consummate the merger until the Court renders a decision on Plaintiffs' Motion for Preliminary Injunction; and (e) further avers that administrative proceedings before the Commission frequently take years to complete and that the administrative proceeding against Sysco would conclude long after the merger's September 8, 2015, deadline, given a weeks-long trial, post-trial briefing, a months-long window for the Administrative Law Judge to issue an opinion, an appeal to the Commissioners, and an appeal to the United States Court of Appeals for the D.C. Circuit.

## RESPONSE TO SPECIFIC ALLEGATIONS

## NATURE OF THE CASE

1.      Denies the allegations of Paragraph 1 of the Complaint and specifically denies that the merger between Sysco and US Foods is anticompetitive, except:  (a) admits that Sysco has, at all times, competed vigorously against all foodservice distributors and wholesalers, including US Foods; (b) admits that Plaintiffs purport to bring this action to temporarily restrain and preliminarily enjoin Sysco's merger with US Foods; and (c) avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

2.      Denies the allegations of Paragraph 2 of the Complaint except:  (a) admits that broadline foodservice distributors are a part of the foodservice industry and that broadline foodservice distributors transact with a variety of foodservice operators; (b) avers that Sysco lacks information to respond to allegations concerning the needs of unidentified foodservice operators because those needs can and do vary widely among a diverse set of customers in different areas and in different industries; and (c) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

3.      Denies the allegations in Paragraph 3 of the Complaint except:  (a) avers that Sysco lacks information to respond to allegations concerning the preferences of unidentified foodservice operators because those preferences can and do vary widely among a diverse set of customers in different areas and in different industries; and (b) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

4.      Denies the allegations of Paragraph 4 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco competes with US Foods and myriad other providers to provide foodservice products to a variety of foodservice operators in the United States, including, but not limited to, single-location restaurants, small local restaurant chains, national hotel chains, and customers with locations dispersed throughout the country; (b) avers that Sysco lacks information to respond to allegations

concerning the purchasing or contracting practices of unidentified foodservice operators because those practices can and do vary widely among a diverse set of customers in different areas and in different industries; and (c) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

    5.    Denies the allegations of Paragraph 5 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Distribution Market Advantage ("DMA") distributes products to foodservice operators; (b) avers that Sysco lacks information to respond to allegations concerning the purchasing preferences or requirements of the unidentified foodservice operators because those preferences and requirements can and do vary widely among a diverse set of customers in different areas and in different industries; and (c) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

    6.    Denies the allegations of Paragraph 6 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco, US Foods, and many others distribute products to a variety of foodservice operators; (b) admits that the Herfindahl-Hirschman Index ("HHI") is used by Plaintiffs as a measure of purported concentration; and (c) avers that to the extent Figure 1 of the Complaint requires a response,

Sysco lacks information sufficient to respond, but specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

7. Denies the allegations of Paragraph 7 of the Complaint and specifically denies that (1) broadline foodservice distribution services to "National Customers" constitute a relevant market and (2) "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except: avers that to the extent Paragraph 7 of the Complaint states legal conclusions, no response is required.

8. Denies the allegations of Paragraph 8 of the Complaint except: (a) admits that Sysco has, at all times, competed vigorously against all foodservice distributors and wholesalers, including US Foods; (b) avers that to the extent Paragraph 8 of the Complaint states legal conclusions, no response is required; and (c) further avers that to the extent Appendix A of the Complaint states legal conclusions, no response is required, but Sysco specifically denies that the merger will have anticompetitive effects in any of the "markets" purportedly identified in Appendix A.

9. Denies the allegations of Paragraph 9 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except: (a) admits that Sysco competes with US Foods and myriad other providers to provide products to a variety of foodservice operators; (b) avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of

their contents; and (c) further avers that Sysco lacks information to respond to allegations concerning the negotiating techniques of unidentified foodservice operators.

10.     Denies the allegations of Paragraph 10 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco attempts to satisfy customer needs and provide the best service in distributing foodservice products; (b) admits that Sysco and US Foods will not compete against each other after they are merged into a single company, but avers that the merged company would be a more robust, efficient, and effective competitor to the thousands of other foodservice distributors and wholesalers, including Performance Food Group ("PFG") and DMA, and that customers would directly benefit; (c) avers that Sysco lacks information to respond to allegations concerning the beliefs of unidentified foodservice operators because those beliefs can and do vary widely among a diverse set of customers in different areas and in different industries; and (d) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

11.     Denies the allegations of Paragraph 11 of the Complaint except:  (a) admits that Sysco seeks to provide the best service in distributing foodservice products to its customers; (b) avers that to the extent Paragraph 11 of the Complaint states legal conclusions, no response is required; and (c) further avers that to the extent Appendix A of the Complaint states legal conclusions, no response is required, but Sysco specifically denies that the merger will have anticompetitive effects in any of the "markets" purportedly identified in Appendix A.

12.     Denies the allegations of Paragraph 12 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  admits that Defendants announced on February 2, 2015, that they would divest 11 US Foods distribution centers by selling them to Performance Food Group upon consummation of the Sysco and US Foods merger.

13.     Denies the allegations of Paragraph 13 of the Complaint and specifically denies that (1) broadline foodservice distribution services constitute a relevant product market, (2) there is a national market for foodservice distribution, and (3) there are significant barriers to entry for foodservice distribution providers.

14.     Denies the allegations of Paragraph 14 of the Complaint.

15.     Denies the allegations of Paragraph 15 of the Complaint and specifically denies that the merger violates the FTC Act or the Clayton Act, except:  admits that on February 19, 2015, the Federal Trade Commission ("Commission") voted 3-2 to authorize staff to file the Complaint.

16.     Denies the allegations of Paragraph 16 of the Complaint.

**JURISDICTION AND VENUE**

17.     Denies the allegations of Paragraph 17 of the Complaint and specifically denies that the merger violates the FTC Act, the Clayton Act, or any other statute in any way, except: (a) admits that the Commission purports to bring this civil action pursuant to Section 13 of the FTC Act, Section 16 of the Clayton Act, and 28 U.S.C. §§ 1331, 1337, and 1345; and (b) admits that the Commission is an agency of the United States.

18.     Admits the allegations in Paragraph 18 of the Complaint.

19.     Denies the allegations in Paragraph 19 of the Complaint and specifically denies that (1) the merger violates the Clayton Act in any way and (2) broadline foodservice distribution services constitute a relevant product market, except:  admits that the Plaintiff States purport to bring this action pursuant to Section 16 of the Clayton Act.

20.     Admits the allegations in Paragraph 20 of the Complaint except:  avers that to the extent Paragraph 20 states legal conclusions, no response is required.

21.     Admits the allegations in Paragraph 21 of the Complaint except:  avers that to the extent Paragraph 21 states legal conclusions, no response is required.

### THE PARTIES AND THE PROPOSED MERGER

22.     Admits the allegations in Paragraph 22 of the Complaint.

23.     Admits the allegations in Paragraph 23 of the Complaint.

24.     Admits the allegations in Paragraph 24 of the Complaint.

25.     Admits the allegations in Paragraph 25 of the Complaint.

26.     Admits on information and belief the allegations in Paragraph 26 of the Complaint.

27.     Admits on information and belief the allegations in Paragraph 27 of the Complaint.

28.     Admits the allegations in Paragraph 28 of the Complaint.

29.     Denies the allegations of Paragraph 29 of the Complaint except:  avers that Sysco agreed, via a stipulation with Plaintiffs, not to consummate the merger until the Court renders a decision on Plaintiffs' Motion for Preliminary Injunction.

30.     Denies the allegations of Paragraph 30 of the Complaint and specifically denies that the merger violates the FTC Act or the Clayton Act, except:  (a) admits that on February 19,

2015, the Commission, by a vote of 3-2, commenced an administrative proceeding regarding the merger; (b) admits that the administrative trial is currently scheduled to begin on July 21, 2015; and (c) avers that administrative proceedings before the Commission frequently take years to complete and that the administrative proceeding against Sysco would conclude long after the merger's September 8, 2015, deadline, given a weeks-long trial, post-trial briefing, a months-long window for the Administrative Law Judge to issue an opinion, an appeal to the Commissioners, and an appeal to the United States Court of Appeals for the D.C. Circuit.

31.      Denies the allegations of Paragraph 31 of the Complaint and specifically denies that the merger violates the FTC Act or the Clayton Act.

## PURPORTED RELEVANT MARKETS

### A.      Purported Relevant Product Markets

32.      Denies the allegations of Paragraph 32 of the Complaint except:  (a) admits that broadline foodservice distribution can involve, among other things, the warehousing, sale, and distribution of products; (b) avers that Sysco lacks information to respond to allegations concerning the desires or purchasing habits of unidentified customers because customer preferences can and do vary widely among a diverse set of foodservice operators in different areas and in different industries; and (c) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

33.      Denies the allegations of Paragraph 33 of the Complaint and specifically denies that broadline foodservice distribution services constitute a relevant product market, except:  to the extent Paragraph 33 of the Complaint states legal conclusions, no response is required.

34.     Denies the allegations of Paragraph 34 of the Complaint except:  avers that Sysco lacks information to form a belief as to the truth of the allegations regarding other broadline foodservice distributors' pricing decisions.

35.     Denies the allegations of Paragraph 35 of the Complaint.

36.     Denies the allegations of Paragraph 36 of the Complaint except:  (a) admits that Sysco's SYGMA division is a distinct business unit dedicated to systems distribution; and (b) avers that Sysco lacks information to respond to allegations regarding other systems distributors' internal considerations when deciding whether to take on business.

37.     Denies the allegations of Paragraph 37 of the Complaint except:  (a) admits that customers can and do use myriad distributors, including broadline distributors, systems distributors, and specialty distributors; and (b) admits that Sysco operates some specialty distribution businesses separately from its broadline distribution business.

38.     Denies the allegations in Paragraph 38 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) avers that Sysco lacks information to respond to allegations concerning the desires or purchasing habits of unidentified customers because customer preferences can and do vary widely among a diverse set of foodservice operators in different areas and in different industries; and (b) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

39.     Denies the allegations of Paragraph 39 of the Complaint.

40.     Denies the allegations of Paragraph 40 of the Complaint and specifically denies that broadline foodservice distribution services constitute a relevant product market, except: avers that to the extent Paragraph 40 of the Complaint states legal conclusions, no response is required.

41.     Denies the allegations of Paragraph 41 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that foodservice management companies and hotel and restaurant chains, among others, are sometimes customers of broadline foodservice distributors; and (b) avers that GPOs are sometimes both competitors and customers of broadline foodservice distributors for purposes of antitrust analysis.

42.     Denies the allegations of Paragraph 42 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) avers that Sysco lacks information to respond to allegations concerning the negotiating, ordering, or contracting habits of unidentified customers because customer habits can and do vary widely among a diverse set of foodservice operators in different areas and in different industries; (b) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices; and (c) avers that to the extent Paragraph 42 of the Complaint states legal conclusions, no response is required.

43.     Denies the allegations of Paragraph 43 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  avers that Plaintiffs' selective

11

quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents for a complete and accurate description of their contents.

44.     Denies the allegations of Paragraph 44 of the Complaint and specifically denies that (1) broadline foodservice distribution services to "National Customers" constitute a relevant market and (2) "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  avers that to the extent Paragraph 44 of the Complaint states legal conclusions, no response is required.

**B.     Purported Relevant Geographic Markets**

45.     Denies the allegations of Paragraph 45 of the Complaint and specifically denies that (1) broadline foodservice distribution services constitute a relevant product market, (2) there is a national market for foodservice distribution, and (3) "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  admits that Sysco competes with US Foods and myriad other foodservice providers to provide foodservice products to a wide variety foodservice customers.

**1)     The United States**

46.     Denies the allegations of Paragraph 46 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco competes with US Foods and myriad other foodservice providers to provide foodservice products to foodservice customers; and (b) admits that Sysco operates distribution centers in certain locations in the United States.

47.     Denies the allegations of Paragraph 47 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) avers that Sysco lacks information to respond to allegations concerning the requirements or motivations of unidentified foodservice operators because those requirements and motivations can and do vary widely among a diverse set of customers in different areas and in different industries; and (b) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

48.     Denies the allegations of Paragraph 48 of the Complaint and specifically denies that (1) broadline foodservice distribution services constitute a relevant product market, (2) there is a national market for foodservice distribution, and (3) "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that several regional and local distributors formed a consortium known as DMA; (b) avers that Plaintiffs' description of unidentified statements purportedly attributable to Defendants, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the full underlying statements or documents, once identified, for a complete and accurate description of their contents; and (c) avers that Sysco lacks information to respond to allegations concerning the views and opinions of unspecified broadline distributors, customers, and industry participants.

49.     Denies the allegations of Paragraph 49 of the Complaint and specifically denies that (1) broadline foodservice distribution services to "National Customers" constitute a relevant market and (2) "National Customers," as that phrase is used by the Plaintiffs, represent a unique

class of foodservice customers for purposes of the antitrust laws, except:  avers that to the extent Paragraph 49 of the Complaint states legal conclusions, no response is required.

## 2)   Purported Local "Markets"

50.    Denies the allegations of Paragraph 50 of the Complaint except:  admits that competition for the distribution of foodservice products occurs on a local level.

51.    Denies the allegations of Paragraph 51 of the Complaint except:  (a) admits that regulations limit the number of hours a driver of a delivery truck can spend on the road; and (b) admits that Sysco has a salesforce dedicated to serving customers.

52.    Denies the allegations of Paragraph 52 of the Complaint and specifically denies that broadline foodservice distribution services constitute a relevant product market, except:  (a) avers that to the extent Paragraph 52 of the Complaint states legal conclusions, no response is required; and (b) further avers that Sysco lacks information to respond to allegations concerning the views and opinions of unspecified broadline distributors, customers, and industry participants.

53.    Denies the allegations of Paragraph 53 of the Complaint except:  (a) admits that there are some geographic locations that are served by Sysco and US Foods (in addition to many other distributors and wholesalers), and that Defendants compete with each other and myriad other distributors and wholesalers in those locations; and (b) avers that to the extent Paragraph 53 of the Complaint states legal conclusions, no response is required.

54.    Denies the allegations of Paragraph 54 of the Complaint and specifically denies that broadline foodservice distribution services constitute a relevant product market, except:  (a) admits that Sysco and US Foods offer services to customers in Las Vegas, Nevada; and (b) avers that to the extent Paragraph 54 of the Complaint states legal conclusions, no response is required.

14

55.     Denies the allegations of Paragraph 55 of the Complaint except:  (a) avers that to the extent Paragraph 55 of the Complaint states legal conclusions, no response is required; and (b) further avers that to the extent Appendix A of the Complaint states legal conclusions, no response is required, but Sysco specifically denies that the merger will have anticompetitive effects in any of the "markets" purportedly identified in Appendix A.

## PURPORTED MARKET STRUCTURE AND THE MERGER'S PURPORTED PRESUMPTIVE ILLEGALITY

56.     Denies the allegations of Paragraph 56 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  avers that to the extent Paragraph 56 of the Complaint states legal conclusions, no response is required.

### A.     Purported Market Structure and Concentration—National Market

57.     Denies the allegations of Paragraph 57 of the Complaint except:  (a) admits that the HHI is used by Plaintiffs as a measure of purported concentration; (b) avers that the Horizontal Merger Guidelines issued by the Antitrust Division of the United States Department of Justice and the Federal Trade Commission on August 19, 2010, speak for themselves; and (c) further avers that the Horizontal Merger Guidelines do not necessarily mirror, nor substitute for, controlling case law.

58.     Denies the allegations of Paragraph 58 of the Complaint and specifically denies that (1) broadline foodservice distribution services to "National Customers" constitute a relevant market and (2) "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) avers that to the extent Paragraph 58 of the Complaint states legal conclusions, no response is required; and (b)

15

further avers that to the extent Table 1 of the Complaint requires a response, Sysco lacks

information sufficient to respond, but specifically denies that "National Customers," as that

phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of

the antitrust laws.

### B.      Purported Market Structure and Concentration—Local Markets

59.     Denies the allegations of Paragraph 59 of the Complaint and specifically denies

that broadline foodservice distribution services constitute a relevant product market, except:

admits that foodservice distribution firms located outside the Plaintiffs' arbitrary "geographic"

markets can and do readily compete with foodservice distribution firms located within those

arbitrarily-derived "geographic" markets.

60.     Denies the allegations of Paragraph 60 of the Complaint except:  (a) admits that

there are some geographic locations that are served by Sysco and US Foods (in addition to many

other distributors and wholesalers), and that Defendants compete with each other and myriad

other distributors and wholesalers in those locations; and (b) avers that to the extent Paragraph

60 of the Complaint states legal conclusions, no response is required.

61.     Denies the allegations of Paragraph 61 of the Complaint except:  (a) avers that to

the extent Paragraph 61 of the Complaint states legal conclusions, no response is required; and

(b) further avers that to the extent Appendix A of the Complaint states legal conclusions, no

response is required, but Sysco specifically denies that the merger will have anticompetitive

effects in any of the "markets" purportedly identified in Appendix A.

### PURPORTED ANTICOMPETITIVE EFFECTS

62.     Denies the allegations of Paragraph 62 of the Complaint and specifically denies

that (1) broadline foodservice distribution services constitute a relevant product market and (2)

16

there is a national market for foodservice distribution, except:  (a) admits that Sysco and US Foods currently compete vigorously against one another and myriad other foodservice distributors and wholesalers; and (b) admits that Sysco and US Foods will not compete against each other after they are merged into a single company, but avers that the merged company would be a more robust, efficient, and effective competitor to the thousands of other foodservice distributors and wholesalers, including PFG and DMA, and that customers would directly benefit.

**A.**   **The Merger Would Purportedly Likely Harm Competition for "National Customers"**

63.   Denies the allegations of Paragraph 63 of the Complaint and specifically denies that (1) broadline foodservice distribution services to "National Customers" constitute a relevant market and (2) "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco, US Foods, and myriad other providers compete to provide products to a variety of foodservice operators; (b) admits that Sysco and US Foods each have more than sixty distribution centers as well as truck fleets and sales forces, and that each offer private-label products, order tracking, menu planning, and nutritional information; and (c) avers that to the extent Table 2 of the Complaint requires a response, Sysco lacks information sufficient to respond, but specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

64.   Denies the allegations of Paragraph 64 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) avers that Sysco lacks

information to respond to allegations regarding the preferences underlying unidentified foodservice operators' purchasing decisions because those preferences can and do vary widely among a diverse set of customers in different areas and in different industries; and (b) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.

65.    Denies the allegations of Paragraph 65 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco has, at all times, competed aggressively against all foodservice distributors and wholesalers, including US Foods, on the basis of price and non-price terms; and (b) avers that, as in any competitive industry, the perceived pricing of competitors is one of the many factors that a foodservice distributor or wholesaler may take into account when setting its prices.

66.    Denies the allegations of Paragraph 66 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco, US Foods, and myriad other foodservice distributors and wholesalers currently compete; (b) avers that Sysco lacks information to respond to allegations regarding the motivations underlying unidentified foodservice operators' purchasing decisions because those motivations can and do vary widely among a diverse set of customers in different areas and in different industries; and (c) further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered as a homogenous bloc with

one set of purchasing characteristics, purchasing options, product preferences, or business practices.

67.     Denies the allegations of Paragraph 67 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco and US Foods currently compete against one another and myriad other foodservice distributors and wholesalers on the basis of price and non-price terms; and (b) avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

68.     Denies the allegations of Paragraph 68 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco has, at all times, engaged in intense competition against all foodservice distributors and wholesalers, including US Foods, on the basis of price and non-price terms; and (b) avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

69.     Denies the allegations of Paragraph 69 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

70.     Denies the allegations of Paragraph 70 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of

foodservice customers for purposes of the antitrust laws, except:  (a) admits that Sysco has, at all times, competed aggressively against all foodservice distributors and wholesalers, including US Foods, on the basis of price and non-price terms; (b) admits that Sysco offers high-quality products and services; (c) avers that, as in any competitive industry, the perceived products and services of competitors are among the many factors that a foodservice distributor or wholesaler may take into account when establishing its products and services; and (d) further avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

71.     Denies the allegations of Paragraph 71 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

72.     Denies the allegations of Paragraph 72 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

**B.**      **The Merger Would Purportedly Likely Harm Competition for Local Customers**

73.     Denies the allegations of Paragraph 73 of the Complaint except:  admits that there are some geographic locations that are served by Sysco and US Foods (in addition to many other distributors and wholesalers), and that Defendants compete with each other and myriad other distributors and wholesalers in those locations.

74.     Denies the allegations of Paragraph 74 of the Complaint except:  (a) admits that regional broadline distributors are present in local markets; (b) avers that Sysco lacks information to respond to allegations concerning the beliefs of unspecified US Foods employees; and (c) further avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

75.     Denies the allegations of Paragraph 75 of the Complaint except:  (a) admits that Sysco has, at all times, engaged in intense competition against all foodservice distributors and wholesalers, including US Foods; and (b) avers that Sysco lacks information sufficient to form a belief as to the truth of the allegations concerning US Foods' internal database entries.

76.     Denies the allegations of Paragraph 76 of the Complaint except:  (a) avers that Sysco lacks information sufficient to admit or deny the unspecified statements by unidentified customers; and (b) further avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

## PURPORTED LACK OF COUNTERVAILING FACTORS

77.     Denies the allegations of Paragraph 77 of the Complaint and specifically denies that (1) broadline foodservice distribution services to "National Customers" constitute a relevant market, (2) "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, and (3) there are significant barriers to entry for foodservice distribution providers, except:  (a) avers that Sysco lacks information to respond to allegations concerning the beliefs of unspecified employees of US Foods' owners; and (b) further avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and Sysco respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.

78.     Denies the allegations of Paragraph 78 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  admits that Sysco currently operates 72 distribution centers and that US Foods currently operates 61 distribution centers.

79.     Denies the allegations of Paragraph 79 of the Complaint and specifically denies that there are significant barriers to entry for foodservice distribution providers and that stretch distribution is more costly.

80.     Denies the allegations of Paragraph 80 of the Complaint except:  avers that Sysco lacks information sufficient to form a belief as to the truth of the allegations concerning other foodservice distributors' internal considerations regarding the offering of foodservice distribution services.

81.    Denies the allegations of Paragraph 81 of the Complaint and specifically denies that there are significant barriers to entry for foodservice distribution providers, except:  admits that foodservice distributors are subject to certain regulatory requirements.

82.    Denies the allegations of Paragraph 82 of the Complaint.

83.    Denies the allegations of Paragraph 83 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, except:  (a) admits that Defendants announced on February 2, 2015, that they would divest 11 US Foods distribution centers by selling them to Performance Food Group upon consummation of the Sysco and US Foods merger; (b) admits that US Foods currently operates 61 distribution centers and that Sysco would operate 122 distribution centers post-merger; and (c) avers that to the extent Paragraph 83 of the Complaint states legal conclusions, no response is required.

84.    Denies the allegations of Paragraph 84 of the Complaint and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

85.    Denies the allegations of Paragraph 85 of the Complaint.

**PURPORTED LIKELIHOOD OF SUCCESS ON THE MERITS, BALANCE OF EQUITIES, AND NEED FOR RELIEF**

86.    Denies the allegations of Paragraph 86 of the Complaint except:  avers that to the extent Paragraph 86 of the Complaint states legal conclusions, no response is required.

87.    Denies the allegations of Paragraph 87 of the Complaint and specifically denies that (1) broadline foodservice distribution services to "National Customers" constitute a relevant market, (2) broadline foodservice distribution services constitute a relevant product market, (3)

23

"National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, and (4) there are significant barriers to entry for foodservice distribution providers.

88.     Denies the allegations of Paragraph 88 of the Complaint.

89.     Denies the allegations of Paragraph 89 of the Complaint and avers that (1) Plaintiffs are not entitled to any of the relief requested and (2) Sysco be awarded the costs incurred in defending this action, and any and all other relief as the Court may deem just and proper.

## SYSCO'S AFFIRMATIVE DEFENSES

Sysco asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs:

1.     The Complaint fails to state a claim on which relief can be granted.

2.     Granting the relief sought is contrary to the public interest.

3.     The alleged relevant geographic market definitions fail as a matter of law.

4.     The Complaint fails adequately to allege a relevant product market.

5.     The Complaint fails to allege harm to competition.

6.     The Complaint fails to allege harm to any consumers.

7.     The Complaint fails to allege harm to consumer welfare.

8.     The combination of the Defendants' businesses will be procompetitive.  The merger will result in substantial merger-specific efficiencies, cost synergies, and other procompetitive effects that will directly benefit consumers.  These benefits greatly outweigh any and all proffered anticompetitive effects.

24

9.      Sysco reserves the right to assert any other defenses as they become known to

Sysco.

Dated:  March 5, 2015                                **O'MELVENY & MYERS LLP**


By:  */s/ Richard G. Parker*
      Richard G. Parker(DC Bar #327544)
      Ian Simmons (DC Bar #439645)
      Edward D. Hassi (admitted pro hac vice)
      Katrina M. Robson (DC Bar #989341)
      Haidee Schwartz (DC Bar #980754)
      O'MELVENY & MYERS LLP
      1625 Eye Street, N.W.
      Washington, D.C.  20006-4001
      Telephone:   (202) 383-5300
      Facsimile:    (202) 383-5414
      rparker@omm.com
      isimmons@omm.com
      ehassi@omm.com
      krobson@omm.com
      hschwartz@omm.com


      **Attorneys for Defendant**
      **SYSCO CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2015, I electronically filed the foregoing Answer with the Clerk of Court using its CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.  In addition, I caused a copy of the foregoing to be served via electronic mail on:

Natalie Manzo
Abiel Garcia
DEPUTY ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA
300 South Spring Street, Suite 1700
Los Angeles, CA 90013
(213) 897-2691
natalie.manzo@doj.ca.gov
abiel.garcia@doj.ca.gov

*Counsel for Plaintiff State of California*

Collin Kessner
ASSISTANT ATTORNEY GENERAL
OFFICE OF THE NEBRASKA ATTORNEY GENERAL
2115 State Capitol
Lincoln, NE 68509-8920
(402) 471-2683
collin.kessner@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

Victor J. Domen, Jr.
SENIOR ANTITRUST COUNSEL
OFFICE OF THE ATTORNEY GENERAL AND REPORTER
500 Charlotte Avenue
Nashville, TN 37202
(615) 253-3327
Vic.Domen@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

Sarah Oxenham Allen
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION SECTION
OFFICE OF THE ATTORNEY GENERAL
900 East Main Street
Richmond, VA 23219
(804) 786-6557
SOAllen@oag.state.va.us

*Counsel for Plaintiff Commonwealth of Virginia*

                                        */s/ Katrina M. Robson*
                                        Katrina M. Robson