**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
------------------------------------------------------------- x
                                          :
FEDERAL TRADE COMMISSION, et al.,         :
                                          :
                  Plaintiffs,             :
                                          :
            v.                            :       Civil Action No. 1:15-cv-00256
                                          :
                                          :
SYSCO CORPORATION,                        :
                                          :
and                                       :
                                          :
USF HOLDING CORP.,                        :
                                          :
and                                       :
                                          :
US FOODS, INC.                            :
                                          :
                  Defendants.             :
------------------------------------------------------------- x
```

**ANSWER OF DEFENDANTS USF HOLDING CORP. AND US FOODS, INC.**

Defendants USF Holding Corp. and US Foods, Inc., (collectively, "US Foods"), by and through their undersigned counsel, respond below to the Complaint dated February 19, 2015.  As an initial matter, the premise of the Complaint—that the merger between Sysco and US Foods, Inc. is anticompetitive—is ill-conceived and reflects an erroneous application of the antitrust laws to business behavior that is inherently localized, populated with numerous competitors, marked by on-going entry, and defined by fierce competition.  Plaintiffs' challenge to the merger therefore is a repudiation of well-established antitrust doctrine.

To the extent the Complaint's preamble requires a response, US Foods denies the allegations alleged therein, except US Foods admits that Plaintiffs have petitioned this Court for a temporary restraining order and preliminary injunction enjoining Sysco from consummating its

proposed merger with US Foods; admits that the Federal Trade Commission ("Commission"), by

a vote of 3-2, commenced an administrative proceeding regarding the merger; and admits that

the administrative trial is currently scheduled to begin on July 21, 2015.   US Foods avers that it

agreed, via a stipulation with Plaintiffs, not to consummate the merger until the Court renders a

decision on Plaintiffs' Motion for Preliminary Injunction.   US Foods further avers that

administrative proceedings before the Commission frequently take years to complete and—given

a weeks-long trial, post-trial briefing, a months-long window for the Administrative Law Judge

to issue an opinion, an appeal to the Commissioners, and an appeal to the United States Court of

Appeals for the D.C. Circuit—the administrative proceedings will conclude long after the

merger's September 8, 2015 deadline.

## RESPONSE TO SPECIFIC ALLEGATIONS

### NATURE OF THE CASE

1.      US Foods admits that the Commission has brought this action to temporarily

restrain and preliminarily enjoin the consummation of a merger between Sysco and US Foods.

US Foods further admits that US Foods competes vigorously against all foodservice distributors,

cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.   US Foods

otherwise denies the allegations contained in Paragraph 1.   US Foods avers that Plaintiffs'

selective quotation of unidentified written material offered without context is misleading as

framed, and US Foods respectfully refers the Court to the quoted documents.

2.      US Foods admits that broadline foodservice distributors are a part of the

foodservice industry and that broadline foodservice distributors transact with a variety of

foodservice operators.   US Foods lacks information to respond to allegations concerning the

needs of unidentified foodservice operators because those needs vary widely among a diverse set

of customers in different areas and in different industries.  US Foods avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.  US Foods otherwise denies the allegations contained in Paragraph 2.

3.      US Foods lacks information to respond to allegations concerning the preferences of unidentified foodservice operators because those preferences can and do vary widely among a diverse set of customers in different areas and in different industries.  US Foods avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of purchasing characteristics, purchasing options, product preferences, or business practices.  US Foods denies the allegations in Paragraph 3 in all other respects.

4.      US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco, to provide foodservice products to a variety of foodservice operators including, but not limited to, single-location restaurants, small local restaurant chains, national hotel chains, and customers with dispersed locations.  US Foods avers that it lacks information to respond to allegations concerning the purchasing or contracting practices of unidentified foodservice operators because those practices vary widely among a diverse set of customers.  US Foods further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.  US Foods otherwise denies the allegations contained in Paragraph 4, and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

5.      US Foods admits that Distribution Market Advantage ("DMA") distributes products to foodservice operators.  US Foods avers that it lacks information to respond to allegations concerning the purchasing preferences of the unidentified foodservice operators because those preferences vary widely among a diverse set of customers in different areas and in different industries.  US Foods further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.  US Foods otherwise denies the allegations contained in Paragraph 5.  US Foods specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

6.      US Foods admits that US Foods, and many others, distribute products to a variety of foodservice operators.  US Foods further admits that the Herfindahl-Hirschman Index ("HHI") is used by Plaintiffs as a measure of purported concentration.  US Foods otherwise denies the allegations contained in Paragraph 6.  US Foods specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.  To the extent Figure 1 requires a response, US Foods lacks information sufficient to respond, but specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

7.      US Foods denies the allegations contained in Paragraph 7, except to the extent that Paragraph 7 contains legal conclusions to which no response is required.  US Foods specifically denies that broadline foodservice distribution services to "National Customers"

constitute a relevant market and that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

8.      US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.  US Foods otherwise denies the allegations contained in Paragraph 8, except to the extent that Paragraph 8 contains legal conclusions to which no response is required.  US Foods avers that to the extent Appendix A of the Complaint states legal conclusions, no response is required, but specifically denies that the merger will have anticompetitive effects in any of the "markets" purportedly identified in Appendix A.

9.      US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.  US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents.  US Foods lacks information to respond to allegations concerning the negotiating techniques of unidentified foodservice operators.  US Foods denies the allegations contained in Paragraph 9 in all other respects.  US Foods specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

10.     US Foods admits that it attempts to satisfy customer needs and provide the best service in distributing foodservice products.  US Foods admits that Sysco and US Foods will not compete against each other after they are merged into a single company, but avers that the merged company would be a more robust, efficient, and effective competitor to the thousands of other foodservice distributors and wholesalers, including Performance Food Group ("PFG") and

5

DMA, and that customers would directly benefit from the merger.  US Foods lacks information

to respond to allegations concerning the beliefs of unidentified foodservice operators because

those beliefs can and do vary widely among a diverse set of customers in different areas and in

different industries.  US Foods avers that every foodservice operator has unique needs and

purchasing options at any given moment in time and, as such, customers cannot be considered a

homogenous bloc with one set of preferences.  US Foods otherwise denies the allegations

contained in Paragraph 10.  US Foods specifically denies that "National Customers," as that

phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of

the antitrust laws.

11.     US Foods admits that it seeks to provide the best service in distributing

foodservice products to its customers.  US Foods avers that to the extent Appendix A of the

Complaint states legal conclusions, no response is required, but specifically denies that the

merger will have anticompetitive effects in any of the "markets" purportedly identified in

Appendix A.  US Foods otherwise denies the allegations contained in Paragraph 11, except to the

extent that Paragraph 11 contains legal conclusions to which no response is required.

12.     US Foods admits that Defendants announced on February 2, 2015, that Sysco

would divest eleven US Foods distribution centers by selling them to PFG upon consummation

of the Sysco-US Foods merger.  US Foods otherwise denies the allegations contained in

Paragraph 12.  US Foods specifically denies that "National Customers," as that phrase is used by

the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust

laws.

13.     US Foods denies the allegations contained in Paragraph 13.

14.     US Foods denies the allegations contained in Paragraph 14.

15.     US Foods admits that on February 19, 2015, by a 3-2 vote, the Commission voted to authorize staff to file the Complaint.  US Foods otherwise denies the allegations contained in Paragraph 15.  US Foods specifically denies that the merger violates the FTC Act or the Clayton Act.

16.     US Foods denies the allegations contained in Paragraph 16.

## JURISDICTION AND VENUE

17.     US Foods admits that the Commission purports to bring this civil action pursuant to Section 13 of the FTC Act, Section 16 of the Clayton Act, and 28 U.S.C. §§ 1331, 1337, and 1345, and admits that the Commission is an agency of the United States.  US Foods otherwise denies the allegations contained in Paragraph 17, except to the extent that Paragraph 17 contains legal conclusions to which no response is required.

18.     US Foods admits the allegations contained in Paragraph 18.

19.     US Foods admits that the Plaintiff States purport to bring this action pursuant to Section 16 of the Clayton Act.  US Foods denies the allegations contained in Paragraph 19 in all other respects, except to the extent Paragraph 19 contains legal conclusions to which no response is required.  US Foods specifically denies that the merger violates the Clayton Act in any way, and that broadline foodservice distribution services constitute a relevant product market.

20.     US Foods admits the allegations contained in Paragraph 20, except to the extent that Paragraph 20 contains legal conclusions to which no response is required.

21.     US Foods admits the allegations contained in Paragraph 21, except to the extent that Paragraph 21 contains legal conclusions to which no response is required.

## THE PARTIES AND THE PROPOSED MERGER

22.     US Foods admits the allegations contained in Paragraph 22.

23.     US Foods admits the allegations contained in Paragraph 23.

24.     On information and belief, US Foods admits the allegations contained in Paragraph 24.

25.     On information and belief, US Foods admits the allegations contained in Paragraph 25.

26.     US Foods admits the allegations contained in Paragraph 26.

27.     US Foods admits the allegations contained in Paragraph 27.

28.     US Foods admits the allegations contained in Paragraph 28.

29.     US Foods denies the allegations of Paragraph 29 except that US Foods avers that it agreed, via a stipulation with Plaintiffs, not to consummate the merger until the Court renders a decision on Plaintiffs' Motion for Preliminary Injunction.

30.     US Foods admits that on February 19, 2015, the Commission, by a vote of 3-2, commenced an administrative proceeding regarding the merger, and admits that the administrative trial is currently scheduled to begin on July 21, 2015.  US Foods avers that administrative proceedings before the Commission frequently take years to complete and—given a weeks-long trial, post-trial briefing, a months-long window for the Administrative Law Judge to issue an opinion, an appeal to the Commissioners, and an appeal to the United States Court of Appeals for the D.C. Circuit—the administrative proceedings will conclude long after the merger's September 8, 2015, deadline.  US Foods otherwise denies the allegations contained in Paragraph 30 and specifically denies that the merger violates the FTC Act or the Clayton Act.

31.     US Foods denies the allegations contained in Paragraph 31 and specifically denies that the merger violates the FTC Act or the Clayton Act.

## PURPORTED RELEVANT MARKETS

A.      **Purported Relevant Product Markets**

32.      US Foods admits that broadline foodservice distribution can involve, among other things, the warehousing, sale, and distribution of products.  US Foods avers that it lacks information to respond to allegations concerning the desires of unidentified customers because customer preferences can and do vary widely among a diverse set of foodservice operators in different areas and in different industries.  US Foods denies the allegations contained in Paragraph 32 in all other respects.  US Foods specifically denies that broadline foodservice distribution is not reasonably interchangeable with other forms of food distribution.

33.      US Foods denies the allegations contained in Paragraph 33, except to the extent Paragraph 33 contains legal conclusions to which no response is required.  US Foods specifically denies that broadline foodservice distribution services constitute a relevant product market.

34.      US Foods lacks information to form a belief as to the truth of the allegations regarding other broadline foodservice distributors' pricing decisions.  US Foods denies the allegations contained in Paragraph 34 in all other respects.

35.      US Foods denies the allegations contained in Paragraph 35.

36.      On information and belief, US Foods admits that Sysco's SYGMA division is a distinct business unit dedicated to systems distribution.  US Foods lacks information to respond to allegations regarding other systems distributors' internal considerations when deciding whether to take on business.  US Foods denies the allegations contained in Paragraph 36 in all other respects.

37.      US Foods admits that customers can and do use a myriad of distributors, including broadline distributors, systems distributors, and specialty distributors.  On information and belief, US Foods admits that Sysco operates some specialty distribution businesses

separately from its broadline distribution business.  US Foods denies the allegations contained in Paragraph 37 in all other respects.

38.    US Foods avers that it lacks information to respond to allegations concerning the desires of unidentified customers because customer preferences vary widely among a diverse set of foodservice operators in different areas and in different industries.  US Foods further avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.  US Foods denies the allegations contained in Paragraph 38 in all other respects.  US Foods specifically denies that that cash-and-carry stores are not reasonably interchangeable with, or an adequate substitute for, broadline distribution services.  US Foods further specifically denies "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

39.    US Foods denies the allegations contained in Paragraph 39.

40.    US Foods denies the allegations contained in Paragraph 40, except to the extent that Paragraph 40 contains legal conclusions to which no response is required.  US Foods specifically denies that broadline foodservice distribution is a relevant product market.

41.    US Foods admits that foodservice management companies and hotel and restaurant chains, among others, are sometimes customers of broadline foodservice distributors, and avers that GPOs are sometimes both competitors and customers of broadline foodservice distributors for purposes of antitrust analysis.  US Foods denies the allegations contained in Paragraph 41 in all other respects.  US Foods specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

42.     US Foods lacks information to respond to allegations concerning the negotiating, ordering, or contracting habits of unidentified customers because customer habits vary widely among a diverse set of foodservice operators in different areas and in different industries.  US Foods avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.  US Foods otherwise denies the allegations contained in Paragraph 42, except to the extent that Paragraph 42 contains legal conclusions to which no response is required.  US Foods specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, and therefore denies the characterizations contained in Paragraph 42.

43.     US Foods avers that Plaintiffs' selective quotation of unidentified written material offered without context is misleading as framed, and US Foods respectfully refers the Court to the quoted documents.  US Foods denies the allegations contained in Paragraph 43 in all other respects.  US Foods specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

44.     US Foods denies the allegations contained in Paragraph 44, except to the extent that Paragraph 44 contains legal conclusions to which no response is required.  US Foods specifically denies that broadline foodservice distribution is a relevant product market, and that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice distribution customers for purposes of the antitrust laws.

**B.     Purported Relevant Geographic Markets**

45.     US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.  US Foods denies

the allegations contained in Paragraph 45 in all other respects.  US Foods specifically denies that broadline foodservice distribution services constitute a relevant product market, that there is a national market for foodservice distribution, and that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

### 1)    The United States

46.    US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.  US Foods further admits that it operates distribution centers in certain locations in the United States.  US Foods otherwise denies the allegations contained in Paragraph 46 and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

47.    US Foods lacks information to respond to allegations concerning the requirements or motivations of unidentified foodservice operators because those requirements and motivations vary widely among a diverse set of customers in different areas and in different industries.  US Foods otherwise denies the allegations contained in Paragraph 47, and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.  US Foods avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.

48.    US Foods admits that several regional distributors formed a consortium known as DMA.  US Foods avers that it lacks information to respond to allegations concerning the views and opinions of unspecified broadline distributors, customers, and industry participants.  US

Foods otherwise denies the allegations contained in Paragraph 48.  US Foods specifically denies that broadline foodservice distribution services constitute a relevant product market, that there is a national market for foodservice distribution, and that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.  US Foods avers that Plaintiffs' description of unidentified statements purportedly attributable to Defendants, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the full underlying statements or documents, once identified, for a complete and accurate description of their contents.

49.     US Foods denies the allegations contained in Paragraph 49.  US Foods specifically denies that broadline foodservice distribution services to "National Customers" constitute a relevant market and that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

**2)     Purported Local "Markets"**

50.     US Foods admits that competition for the distribution of foodservice products occurs on a local level.  US Foods denies the allegations contained in Paragraph 50 in all other respects.

51.     US Foods admits that certain regulations limit the number of hours a driver of a delivery truck can spend on the road, and that US Foods has a salesforce dedicated to serving customers.  US Foods denies the allegations contained in Paragraph 51 in all other respects.

52.     US Foods avers that it lacks information to respond to allegations concerning the views and opinions of unspecified broadline distributors, customers, and industry participants. US Foods otherwise denies the allegations of Paragraph 52, except to the extent that Paragraph

52 contains legal conclusions to which no response is required.  US Foods specifically denies

that broadline foodservice distribution services constitute a relevant product market.

53.     US Foods admits that there are some geographic locations that are served by

Sysco and US Foods, in addition to many other foodservice distributors, cash-and-carry stores,

specialty distributors, and wholesalers, and that Defendants compete with each other and other

foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers in those

locations.  US Foods denies the allegations contained in Paragraph 53 in all other respects,

except to the extent that Paragraph 53 contains legal conclusions to which no response is

required.

54.     US Foods admits that Sysco and US Foods offer services to customers in Las

Vegas, Nevada.  US Foods denies the allegations contained in Paragraph 54 in all other respects,

except to the extent that Paragraph 54 contains legal conclusions to which no response is

required.

55.     US Foods denies the allegations contained in Paragraph 55, except to the extent

that Paragraph 55 contains legal conclusions to which no response is required.  US Foods avers

that to the extent Appendix A of the Complaint states legal conclusions, no response is required,

but specifically denies that the merger will have anticompetitive effects in any of the "markets"

purportedly identified in Appendix A.

## PURPORTED MARKET STRUCTURE AND THE MERGER'S PURPORTED
## PRESUMPTIVE ILLEGALITY

56.     US Foods denies the allegations contained in Paragraph 56, except to the extent

that Paragraph 56 contains legal conclusions to which no response is required.  US Foods

specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a

unique class of foodservice customers for purposes of the antitrust laws.

14

### A.      Purported Market Structure and Concentration—National Market

57.      US Foods admits that the HHI is used by Plaintiffs as a measure of purported concentration and avers that the Horizontal Merger Guidelines issued by the Antitrust Division of the United States Department of Justice and the Federal Trade Commission on August 19, 2010, speak for themselves.  US Foods further avers that the Horizontal Merger Guidelines do not necessarily mirror, nor substitute for, controlling case law.  US Foods otherwise denies the allegations contained in Paragraph 57.

58.      US Foods denies the allegations contained in Paragraph 58, except to the extent that Paragraph 58 contains legal conclusions to which no response is required.  US Foods specifically denies that broadline foodservice distribution services to "National Customers" constitute a relevant market and that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.  To the extent Table 1 requires a response, US Foods lacks sufficient information to respond, but specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for the purposes of the antitrust laws.

### B.      Purported Market Structure and Concentration—Local Markets

59.      US Foods admits that foodservice distribution firms located outside the Plaintiffs' arbitrary "geographic" markets can and do readily compete with foodservice distribution firms located within those arbitrarily-derived geographic markets.  US Foods denies the allegations contained in Paragraph 59 in all other respects and specifically denies that broadline foodservice distribution services constitute a relevant product market.

60.      US Foods admits that there are some geographic locations that are served by Sysco and US Foods, in addition to many other distributors, cash-and-carry stores, specialty

distributors, and wholesalers, and that Defendants compete with each other and a myriad of other distributors, cash-and-carry stores, specialty distributors, and wholesalers in those locations.  US Foods denies the allegations contained in Paragraph 60 in all other respects, except to the extent Paragraph 60 contains legal conclusions to which no response is required.

61.     US Foods denies the allegations contained in Paragraph 61, except to the extent Paragraph 61 contains legal conclusions to which no response is required.  US Food avers that to the extent Appendix A of the Complaint states legal conclusions, no response is required, but US Foods specifically denies that the merger will have anticompetitive effects in any of the "markets" purportedly identified in Appendix A.

## PURPORTED ANTICOMPETITIVE EFFECTS

62.     US Foods admits that Sysco and US Foods compete vigorously against one another and a myriad of other foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers.  US Foods further admits that Sysco and US Foods will not compete against each other after they are merged into a single company, but avers that the merged company would be a more robust, efficient, and effective competitor to the thousands of other foodservice distributors and wholesalers, including PFG and DMA, and that customers would directly benefit from the merger.  US Foods denies the allegations contained in Paragraph 62 in all other respects.  US Foods specifically denies that broadline foodservice distribution services constitute a relevant product market and that there is a national market for foodservice distribution.

### A.     The Merger Would Purportedly Likely Harm Competition for "National Customers"

63.     US Foods admits that Sysco and US Foods compete vigorously against one another and a myriad of providers to provide products to a variety of foodservice operators.  US

Foods admits that Sysco and US Foods each have more than sixty distribution centers, as well as truck fleets and salesforces, and that each offer private-label products, order tracking, menu planning, and nutritional information.  US Foods denies the allegations contained in Paragraph 63 in all other respects.  US Foods specifically denies that broadline foodservice distribution services to "National Customers" constitute a relevant market, that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws, and that Sysco and US Foods are each other's "closest" competitors.  To the extent a response to Table 2 is required, US Foods lacks sufficient information to respond, but specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

64.     US Foods lacks information to respond to allegations regarding the preferences underlying unidentified foodservice operators' purchasing decisions because those preferences vary widely among a diverse set of customers.  US Foods avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.  US Foods denies the allegation contained in Paragraph 64 in all other respects.  US Foods specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

65.     US Foods admits that it competes aggressively against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco, on the basis of price and non-price terms.  US Foods avers that, as in any competitive industry, the perceived pricing of competitors is one of the many factors that a foodservice distributor or wholesaler may take into account when setting its prices.  US Foods denies the allegations

contained in Paragraph 65 in all other respects, and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

66.     US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.  US Foods lacks information to respond to allegations regarding the motivations underlying unidentified foodservice operators' purchasing decisions because those motivations vary widely among a diverse set of customers in different areas and in different industries.  US Foods avers that every foodservice operator has unique needs and purchasing options at any given moment in time and, as such, customers cannot be considered a homogenous bloc with one set of preferences.  US Foods denies the allegations contained in Paragraph 66 in all other respects, and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

67.     US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.  US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.  US Foods denies the allegations contained in Paragraph 67 in all other respects, and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

68.     US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco, on the basis price

and non-price terms.  US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.  US Foods denies the allegations contained in Paragraph 68 in all other respects, and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

69.     US Foods denies the allegations contained in Paragraph 69 and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

70.     US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco, on the basis of price and non-price terms.  US Foods further admits that it offers high-quality product and services.  US Foods avers that, as in any competitive industry, the perceived products and services of competitors are among the many factors that a foodservice distributor or wholesaler may take into account when establishing its products and services.  US Foods further avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.  US Foods denies the allegations contained in Paragraph 70 in all other respects and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

71.     US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.  US Foods denies the allegations contained in Paragraph 71 in all other respects and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

72.     US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.  US Foods denies the allegations contained in Paragraph 72 in all other respects and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

**B.     The Merger Would Purportedly Likely Harm Competition for Local Customers**

73.     US Foods admits that there are some geographic locations that are served by Sysco and US Foods, in addition to many other distributors, cash-and-carry stores, specialty distributors, and wholesalers, and that Defendants compete with each other and a myriad of other distributors, cash-and-carry stores, specialty distributors, and wholesalers in those locations.  US Foods denies the allegations contained in Paragraph 73 in all other respects.

74.     US Foods admits that regional broadline distributors are present in local markets. US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate

description of their contents.  US Foods denies the allegations contained in Paragraph 74 in all other respects.

75.     US Foods admits that it competes vigorously against all foodservice distributors, cash-and-carry stores, specialty distributors, and wholesalers, including Sysco.  US Foods avers that Plaintiffs' reference to an unspecified database, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the cited material, once identified, for a complete and accurate description of its contents.  US Foods lacks sufficient information to form a belief as to the truth of allegations concerning requests made by unidentified Sysco sales representatives.  US Foods denies the allegations contained in Paragraph 75 in all other respects.

76.     US Foods lacks information sufficient to admit or deny the unspecified statements by unidentified customers or unidentified Sysco employees.  US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.  US Foods denies the allegations contained in Paragraph 76 in all other respects.

**PURPORTED LACK OF COUNTERVAILING FACTORS**

77.     US Foods avers that Plaintiffs' selective quotation of unidentified written material or communications, offered without context, is misleading as framed, and US Foods respectfully refers the Court to the quoted documents, once identified, for a complete and accurate description of their contents.  US Foods denies the allegations contained in Paragraph 77 in all other respects.  US Foods specifically denies that broadline foodservice distribution services to "National Customers" constitute a relevant market, that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the

antitrust laws, and that there are significant barriers to entry for foodservice distribution providers.

78.     On information and belief, US Foods admits that Sysco currently operates 72 distribution centers.  US Foods admits that it currently operates 61 distribution centers.  US Foods denies the allegations contained in Paragraph 78 in all other respects, and specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of foodservice customers for purposes of the antitrust laws.

79.     US Foods denies the allegations contained in Paragraph 79 and specifically denies that there are significant barriers to entry for foodservice distribution providers and that stretch distribution is more costly.

80.     US Foods lacks information sufficient to form a belief as to the truth of the allegations concerning other foodservice distributors' internal considerations regarding the offering of foodservice distribution services.  US Foods denies the allegations contained in Paragraph 80 in all other respects.

81.     US Foods admits that foodservice distributors are subject to certain regulatory requirements.  US Foods denies the allegations contained in Paragraph 81 in all other respects.  US Foods specifically denies that there are significant barriers to entry for foodservice distribution providers.

82.     US Foods denies the allegations contained in Paragraph 82.

83.     US Foods admits that on February 2, 2015, Defendants announced that Sysco would divest eleven US Foods distribution centers by selling them to PFG, upon consummation of the Sysco-US Foods merger.  US Foods admits that it currently operates 61 distribution centers and that, on information and belief, Sysco would operate 122 distribution centers post-

merger.  US Foods otherwise denies the allegations contained in Paragraph 83, except to the

extent that Paragraph 83 contains legal conclusions to which no response is required.  US Foods

specifically denies that "National Customers," as that phrase is used by the Plaintiffs, represent a

unique class of foodservice customers for purposes of the antitrust laws.

84.     US Foods denies the allegations contained in Paragraph 84 and specifically denies

that "National Customers," as that phrase is used by the Plaintiffs, represent a unique class of

foodservice customers for purposes of the antitrust laws.

85.     US Foods denies the allegations contained in Paragraph 85.

**PURPORTED LIKELIHOOD OF SUCCESS ON THE MERITS, BALANCE OF EQUITIES, AND NEED FOR RELIEF**

86.     US Foods denies the allegations contained in Paragraph 86, except to the extent

that Paragraph 86 contains legal conclusions to which no response is required.

87.     US Foods denies the allegations contained in Paragraph 87 of the Complaint, and

specifically denies that broadline foodservice distribution services to "National Customers"

constitute a relevant market, that broadline foodservice distribution services constitute a relevant

product market, that "National Customers," as that phrase is used by the Plaintiffs, represent a

unique class of foodservice customers for purposes of the antitrust laws, and that there are

significant barriers to entry for foodservice distribution providers.

88.     US Foods denies the allegations contained in Paragraph 88.

89.     US Foods denies the allegations of Paragraph 89 of the Complaint.  US Foods

avers that Plaintiffs are not entitled to any of the relief requested and respectfully requests that

US Foods be awarded the costs incurred in defending this action, and any and all other relief as

the Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

US Foods asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The relief sought is contrary to the public interest.

### THIRD DEFENSE

The alleged relevant geographic market definition fails as a matter of law.

### FOURTH DEFENSE

The Complaint fails to adequately allege a relevant product market.

### FIFTH DEFENSE

The complaint fails to allege harm to competition.

### SIXTH DEFENSE

The Complaint fails to allege harm to any consumers.

### SEVENTH DEFENSE

The Complaint fails to allege harm to consumer welfare.

### EIGHTH DEFENSE

The combination of the Defendants' businesses will be procompetitive.  The merger will result in substantial merger-specific efficiencies, cost synergies, and other procompetitive effects that will directly benefit consumers.  These benefits greatly outweigh any and all proffered anticompetitive effects.

### OTHER DEFENSES

US Foods reserves the right to assert other defenses as they become known to US Foods.

Dated:  March 5, 2015                              Respectfully submitted,

                                                   By: /s/  *Joseph F. Tringali*
                                                       Joseph F. Tringali

                                                   Joseph F. Tringali (admitted pro hac vice)
                                                   SIMPSON THACHER & BARTLETT LLP
                                                   425 Lexington Avenue
                                                   New York, NY 10017
                                                   JTringali@stblaw.com (Email)
                                                   (212) 455-3840 (Phone)
                                                   (202) 455-2502 (Facsimile)

                                                   Peter C. Thomas (D.C. Bar No.495928)
                                                   Peter Herrick (admitted pro hac vice)
                                                   SIMPSON THACHER & BARTLETT LLP
                                                   1155 F Street NW
                                                   Washington DC 20004
                                                   PThomas@stblaw.com
                                                   Peter.Herrick@stblaw.com
                                                   (202) 636-5535 (Phone)
                                                   (202) 636-5881 (Phone)
                                                   (202) 636-5502 (Facsimile)

                                                   *Counsel for Defendants US Foods Holding*
                                                   *Corp. and US Foods, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2015, I filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.


By: /s/  *Joseph F. Tringali*
Joseph F. Tringali