IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>                        Plaintiffs,<br><br>            v.<br><br>SYSCO CORPORATION,<br>USF HOLDING CORP., and<br>US FOODS, INC.<br><br>                        Defendants. | Civil Action No. 15-cv-00256 (APM) |

**PARTIES' JOINT STIPULATED PROPOSED
CASE MANAGEMENT AND SCHEDULING ORDER**

Pursuant to the Court's March 5, 2015 Order and direction at the March 4, 2015 Status Conference, Plaintiffs Federal Trade Commission ("FTC" or "Commission"), the District of Columbia, the States of California, Illinois, Iowa, Maryland, Minnesota, Nebraska, Tennessee and Ohio, and the Commonwealths of Pennsylvania and Virginia (collectively with FTC, "Plaintiffs") have met and conferred with Defendants Sysco Corporation, USF Holding Corp., and US Foods, Inc. (collectively, "Defendants"). The parties jointly submit the following Proposed Case Management and Scheduling Order. The parties also attach for the Court's consideration a table the proposed dates.

**I.**      **Joint Proposed Scheduling Order**

A.      TEMPORARY RESTRAINING ORDER:  The parties have agreed on a form of Temporary Restraining Order which was filed with the Court on February 24, 2015.

B.  DISCOVERY

1. Fact Discovery.  The parties may commence issuing discovery immediately.  Fact discovery shall be completed by April 14, 2015.

2. Initial Disclosures.  The parties already have served each other with lists of people with knowledge, as required by Fed. R. Civ. P. 26(a)(1).  By March 20, 2015, the parties will make a good faith effort to produce copies of all documents in their possession that they may use to support their claims and defenses in this action, pursuant to Fed. R. Civ. P. 26(a)(1).   To the extent additional documents come to the parties' attention during discovery, they will supplement their disclosures promptly.

3. Pre-Trial Discovery Conference.  The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Fed. R. Civ. P. 26(f) to confer about scheduling and a discovery plan.

4. Third-Party Discovery.  For any third-party subpoena, the parties will not request a return date sooner than seven calendar days after service.  The parties agree to produce all materials received pursuant to a third-party subpoena to the non-serving Party in the format the materials were received within 24 hours of knowing receipt.

5. Document Production.  The parties shall not be required to produce to each other in discovery in this case any documents previously produced by Defendants to Plaintiff FTC in the course of the investigation of the acquisition of USF Holding Corp. by Sysco Corporation, FTC File No. 141-0067.

6. Expert Materials Not Subject to Discovery.  Expert disclosures and reports shall comply with Fed. R. Civ. P. 26(a)(2), except neither side must preserve or disclose:

a) any form of communication or work product shared between any of the Parties' counsel and their expert(s), or between any of the experts themselves;

b) any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

c) expert's notes; unless they reflect facts or assumptions relied upon by the expert in arriving at the opinions contained in the final expert report;

d) drafts of expert reports, analyses, or other work product; or

e) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

The Parties shall disclose the following materials with all expert reports:

a) all documents relied on by the testifying expert(s) by Bates number; and (except for those excluded above) copies of any materials relied on by the testifying expert(s) that were not previously produced and are not readily available through public sources; and

b) all data and programs underlying the expert's calculations for any calculation appearing in an expert report, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, and any intermediate files.

7. <u>Requests for Admission and Exhibits.</u> The parties shall be limited to eight requests for admission per side, subject to the following provisions:

    a)    There will be no limit on the number of requests for admission for the authenticity of documents or admissibility of evidence. Requests for Admission related to the authenticity of a document and admissibility of evidence shall not count against the limit of eight Requests for Admission. The parties will respond to requests regarding the authenticity and admissibility of documents within ten days.

    b)    Any good faith objection to a document's status as a business record must be provided at the same time as other objections to intended trial exhibits. If the opposing side serves a specific good faith written objection to the document's status as a business record, the parties will promptly meet and confer to attempt to resolve any objection. If the objection is not resolved, the party seeking to introduce the exhibit shall have the opportunity to take discovery regarding the exhibit(s) in question. Any objections not resolved through this means or the discovery process will be resolved by the Court.

8. <u>Interrogatories.</u> Each side shall be permitted to serve the other with up to twelve interrogatories seeking only factual information (i.e., no contention interrogatories). The parties shall serve responses to the interrogatories no later than ten days after the date of service.

9. <u>Deadline to Issue Written Discovery to Parties</u>: The parties shall serve requests for admission, interrogatories, and document requests to parties by March 27, 2015, except that requests for admission related to the authenticity of a document and admissibility of evidence shall be served by April 4, 2015.

10. <u>Service of Objections to Written Discovery</u>.  The parties shall serve any objections to written discovery requests within ten days of service of the discovery requests to which objections are asserted.

11. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>  The parties shall exchange preliminary party and third-party fact witness lists no later than 5:00 pm ET, on March 9, 2015.  Such preliminary party and non-party fact witness lists shall include a summary of the topics of each witness's testimony.  The preliminary witness list shall include the name of the employer of each witness.  The parties will update their preliminary lists promptly as they add or delete witnesses.  Final party and non-party fact witness lists shall be exchanged on or before April 10, 2015, with a summary of the topics of each witness's testimony.  Additional witnesses may be added to the final witness list after this date only by agreement of the parties or with leave of the Court for good cause shown.

12. <u>Depositions.</u>

    a)  The parties agree there should be no limit on the number of depositions that each party will be permitted.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The Parties may not serve a deposition notice with fewer than seven days' notice.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    b)  All depositions shall be limited to a maximum of seven (7) hours.

c)  For any deposition noticed by both Plaintiffs and Defendants, the maximum time for the deposition shall be allocated evenly between the two sides.  For any noticed deposition for which either side has obtained a declaration from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, and two (2) hours for the party that obtained the declaration.  For any noticed deposition of the proposed divestiture buyer of eleven US Foods' distribution centers, Performance Food Group, or its employees, Plaintiffs shall be allocated six (6) hours and Defendants one (1) hour.  For any party deponent who has previously been deposed in an investigational hearing in the Federal Trade Commission's investigation of the acquisition of USF Holding Corp. by Sysco Corporation, FTC File No. 141-0067, the deposition shall be limited to a maximum time of 3.5 hours; provided that Plaintiffs shall be entitled to designate a maximum of four (4) depositions of deponents who have previously been deposed in an investigational hearing for which the deposition shall have a maximum time of 7 hours; provided further that the CEOs of Sysco and US Foods shall not be among those four unless any is identified on Defendants' preliminary or final witness lists.  Unused time in any party's allocation of deposition time shall not transfer to the other party.

d)  If a Party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance

6

at a deposition, the deposition date must be at least seven days after the original return date for the document subpoena.

13. Expert Reports.[1] The parties shall simultaneously exchange expert reports on April 14, 2015 and rebuttal expert reports on April 21, 2015.

14. Expert Depositions. Depositions of each side's experts may only be conducted after the disclosure of each expert's report. Expert depositions must be completed on or before April 28, 2015.

15. Discovery Uses. All discovery taken in the above-captioned litigation can be used in connection with the Administrative Action and vice versa.

16. Notwithstanding any other provision herein, the Parties may modify deadlines in paragraphs 1-15 in this Order by agreement.

---

[1] At the time of service of the expert reports, a Party shall provide opposing counsel (i) a list of all commercially-available computer programs used by the expert in the preparation of the report; (ii) a copy of all data sets used by the expert, in native file format and processed data file format; and (iii) all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

C.  **BRIEFING SCHEDULE**

   17. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction shall be filed by April 21, 2015. The Plaintiffs' Reply Brief shall be filed by April 29, 2015.

D.  **DATE AND LENGTH OF PRELIMINARY INJUNCTION HEARING**

   18. The preliminary injunction hearing in this matter shall begin on May 5, 2015, at 9:30 a.m. in Courtroom 10, and will conclude no later than May 13, 2015.

E.  **OTHER MATTERS**

   19. Electronic Service. Service of all correspondence and formal papers filed, whether under seal or otherwise, shall be by electronic mail. In the event any documents are too voluminous for electronic mail, the parties shall serve an electronic disk version of the papers on opposing counsel by hand at their Washington, D.C. office. The serving Party will telephone the other side's principal designee when the materials are sent to alert them that the materials are being served. Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules. Service on Plaintiff FTC shall be deemed service on the Plaintiff States. Plaintiff FTC shall provide copies to the Plaintiff States of any papers served by Defendants.

   20. Privilege Logs: The parties agree to suspend the obligation under Rule 26(b)(5)(A), Fed. R. Civ. P., to produce a log of privileged materials withheld from discovery taken in this action (excluding the Defendants' productions made during the course of the FTC's pre-complaint investigation). Notwithstanding the foregoing, the parties shall log materials that are: 1) authored by, addressed to, or received from any non-

8

party; or 2) internal to a party that are not authored by, addressed to, or received from the party's attorneys. The term "non-party" as used in this provision excludes counsel for (a) the Defendants and (b) Performance Food Group on or after February 2, 2015. The parties shall maintain all documents responsive to a discovery request that are withheld pursuant to a claim of privilege or protection.

21. <u>Answer.</u>  Defendants shall answer the complaint on or before March 5, 2015.

22. <u>Nationwide Service.</u>  The Parties will be allowed nationwide service of discovery and trial subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this Court.

SCHEDULE

| Event | Date |
|---|---|
| Defendants File Answer to Complaint | March 5, 2015 |
| Exchange of Preliminary Fact Witness Lists | March 9, 2015 |
| Deadline to Issue Written Discovery to Parties (Except Authenticity and Admissibility RFAs) | March 27, 2015 |
| Deadline for Service of Third-Party Subpoenas | April 1, 2015 |
| Final party and non-party fact witness lists shall be exchanged on or before | April 10, 2015 |
| Close of Fact Discovery | April 14, 2015 |
| Exchange of Expert Reports | April 14, 2015 |
| Exchange of Rebuttal Expert Reports | April 21, 2015 |
| Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction Due | April 21, 2015 |
| Parties Exchange Exhibit Lists and Deposition Designations | April 27, 2015 |
| Close of Expert Depositions | April 28, 2015 |
| Plaintiffs' Reply Brief Due | April 29, 2015 |
| Parties Exchange Objections to Exhibits and Deposition Designations | April 30, 2015 |
| Pre-hearing conference | Date to be set by the Court |
| Hearing on Plaintiffs' Motion for Preliminary Injunction | Commences on May 5, 2015 |
| Proposed Findings of Fact and Conclusions of Law | May 20, 2015 |

                                        Respectfully submitted,

Dated: March 6, 2015                    /s/ Stephen Weissman
                                        (DC Bar # 451063)
                                        Federal Trade Commission
                                        600 Pennsylvania Avenue NW
                                        Washington, D.C. 20580
                                        Telephone:    (202) 326-2030
                                        Facsimile:    (202) 326-2655
                                        sweissman@ftc.gov

                                        Counsel for Plaintiff Federal Trade Commission
                                        (and on behalf of Plaintiff States)

Dated: March 6, 2015                    /s/     Richard G. Parker
                                        (D.C. Bar No. 327544)
                                        Ian Simmons (DC Bar No. 439645)
                                        Edward D. Hassi (admitted pro hac vice)
                                        Katrina Robson (DC bar No. 989341)
                                        O'Melveny & Myers LLP
                                        1625 Eye Street, NW
                                        Washington, DC 20006
                                        Telephone:    (202) 383-5336
                                        Facsimile:    (202) 383-5414
                                        ehassi@omm.com

                                        Counsel for Defendant Sysco Corporation

Dated: March 6, 2015                    /s/ Joseph F. Tringali
                                        (admitted pro hac vice)
                                        Simpson Thacher & Bartlett LLP
                                        425 Lexington Avenue
                                        New York, NY 10017
                                        Telephone:    (212) 455-3840
                                        Facsimile:    (212) 455-2502
                                        jtringali@stblaw.com

        Peter C. Thomas, D.C. Bar No. 495928
        Simpson Thacher & Bartlett LLP
        1155 F Street, N.W.
        Washington, D.C. 2004
        202-636-5535
        pthomas@stblaw.com

        Counsel for Defendants USF Holding Corp. and
        US Foods, Inc.

Ordered: _____

        Hon. Amit P. Mehta
        United States District Judge

Dated: