IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>SYSCO CORPORATION,<br>USF HOLDING CORP., and<br>US FOODS, INC.<br><br>       Defendants. | Civil Action No. 15-cv-00256 (APM) |

**DECLARATION OF ANDREW NELSON IN SUPPORT OF
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

1. My name is Andrew Nelson. I am over 21 years of age, and I am competent to make this declaration. The statements herein are true and are within my personal knowledge unless stated otherwise.

2. I make this declaration to demonstrate why I should be permitted to receive and review all Discovery Material described in the proposed Protective Order. It is essential that I be provided access to the information in order to use my knowledge of the company and the foodservice industry to assist outside counsel in formulating a defense to this action. It is also essential for me to provide fully informed legal advice to the company, and to do so it is essential that I be given access to all confidential information.

3. I am currently an Assistant General Counsel of defendant US Foods, Inc. ("US Foods"). I am an attorney licensed to practice law in the states of Maryland and New Jersey, and I have a limited law license to act as in-house counsel in the state of Illinois.

4. Today, Friday, March 6, 2015, is my last day of employment with US Foods. On Monday, March 9, I will begin employment with Suncoke Energy, which is in the energy

sector and has no involvement with foodservice distribution. Nonetheless, because of my unique knowledge of this case, US Foods has asked me to serve as a consultant to US Foods for the duration of this litigation. As a consultant, my sole responsibility will be to provide assistance on the litigation. As of today, I have no other involvement with US Foods.

5. Because of my changed role at US Foods, to that solely of a litigation consultant, I will have no involvement in any competitive decisionmaking at US Foods in this role. I will not participate in competitive decisionmaking at US Foods. I will not participate in any decisions about formulating or implementing strategies to compete with our competitors or any decisions about formulating or implementing pricing strategies. I will not be involved in pricing decisions, selection of vendors, purchasing decisions, marketing, or other competition-related issues that are the subjects of confidential information in this case. In fact, I will have no function other than to provide litigation support to outside counsel for US Foods.

6. This case arises out of the proposed acquisition of US Foods by Sysco Corporation ("Sysco"). I am an inside lawyer who has worked extensively on the FTC's investigation. After the parties signed the merger agreement, they submitted a notification of the transaction to the Federal Trade Commission (the "FTC"). Thereafter, the FTC issued a second request for documents and information. I am an inside lawyer who was heavily involved in the collection of information in response to the FTC's request and who advised the company during the agency's investigation. I was actively involved in the preparation of US Foods' employees for investigational hearings by the FTC in the course of its investigation and attended certain of the investigational hearings of US Foods' employees in my capacity as in-house counsel at US Foods. Therefore, I am one of a few in-house lawyers

for the company with comprehensive knowledge of the transaction and the proceedings which have transpired to date with the FTC.

7. The FTC alleges that US Foods and Sysco are in a unique product and geographic market that does not include any of the over 15,000 other foodservice distributors in the United States. In order to respond, US Foods must collect and analyze information from all levels of the company concerning its operations, its pricing strategies, its product strategies, its responses to competitors, the entities it considers its competitors and why, and the witnesses, data, and documents it has available. Although I do not participate in decisions concerning competition, I am one of the inside attorneys most familiar with the company and I know where that information can be found. Further, if I am informed about factual assertions made by the FTC, I can use my detailed knowledge of the company and my experience in the foodservice industry to help our outside counsel develop a response and collect the information needed for that response. Although our outside counsel know a great deal about US Foods, they do not have the in-depth knowledge that I do of the company and the industry, and my knowledge and assistance is essential to help counsel defend this case. Unless I am able to review all Discovery Material in this matter, US Foods will be severely limited in its ability to defend itself fully in this action.

8. In addition, it is essential that I be allowed to have access to all Discovery Material in order to be an active member of the trial team and in order to provide informed legal advice to US Foods regarding this action. The FTC's decision to challenge the proposed transaction and to file this lawsuit is a matter of extreme importance to the company. I cannot provide informed legal advice to the company unless I have access to all information - including confidential information - at issue in this matter. Because I understand the

company, the foodservice industry, and the questions and concerns of our management, I am more able than outside counsel to advise the company about the arguments being raised, the strength of the arguments, and the strength of the evidence in terms that the business executives can understand. Of course, in providing that advice, I would not disclose the confidential information itself.

9. I will be employed in Illinois. Because the court handling this litigation is located in the District of Columbia, and the offices of our outside counsel are located in the District of Columbia and New York, my ability to participate in the defense of this case would be severely restricted if I were required to review certain confidential information only in the offices of our outside counsel.

10. With the understanding that I would not use its confidential information for any improper purpose, Sysco has consented to my having access to such information pursuant to the terms of the proposed protective order.

11. As an attorney, I acknowledge and agree that I am subject to the jurisdiction of this Court and to its contempt powers. I agree to remain subject to the Court's jurisdiction at all times, including after this litigation is concluded.

12. I further represent that I will not make use of any confidential discovery material, directly or indirectly, for any purpose other than the defense of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2015.

By: _____
Andrew Nelson