UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Federal Trade Commission, *et al.*,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 1:15-cv-00256 (APM) |
| **Sysco Corporation, *et al.*,** | ) ) ) | |
| Defendants. | ) ) ) | |

### ORDER

In their Joint Status Report filed on February 25, 2015, the parties disagreed whether Plaintiffs could introduce declarations into evidence at the preliminary injunction hearing to support their request for relief. Joint Status Report, ECF #29, at 27-31. Defendants objected to the use of declarations as evidence "unless the party against whom they are being introduced has an opportunity to cross-examine the witness." *Id.* at 30. Plaintiffs, in response, argued that courts routinely admit declarations when evaluating motions for preliminary relief and that "Defendants' objection goes to the weight that declarations should receive, not their admissibility." *Id.* at 28.

The court will not, at this time, make a blanket ruling on admissibility that would apply to each declaration that the parties might seek to admit into evidence. Such a ruling would be premature at this stage of the proceedings, particularly when Defendants have not identified any specific declaration that they find objectionable. Thus, to the extent that the Joint Status Report serves as a motion for an *in limine* ruling on the use of declarations, the motion is denied without prejudice.

Under the Case Management and Scheduling Order, the parties are to exchange objections to exhibits and deposition designations on or before April 30, 2015. ECF #63 at 9. That deadline also applies to objections to the admissibility of declarations. The court intends to apply the following general principles when ruling on the admissibility of declarations:

1) The Federal Rules of Evidence do not restrict the court's consideration of hearsay evidence, because those rules do not apply to preliminary injunction hearings. *See, e.g., Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004) (unlike a motion for summary judgment, which substitutes for trial, the court is not restricted to only admissible evidence at the preliminary injunction stage). A declaration, therefore, will not be excluded from evidence merely because it is hearsay under the Rules. The hearsay nature of a declaration may, however, affect the weight that the court gives such evidence.

2) The court will only consider declarations that are sworn under the penalty of perjury. An unsworn declaration lacks sufficient indicia of reliability to be admitted into evidence. *See F.T.C. v. CCC Holdings, Inc.*, No. 08-2043, ECF # 66, at 2-3 (D.D.C. Jan. 30, 2009) (Collyer, J.).

3) If a party makes a good-faith effort to depose a witness, and the witness willfully avoids service or refuses to appear for a deposition, a declaration by such witness shall be presumptively inadmissible. *See id.* at 3. A party should bring any recalcitrant witness issues to the court's attention as soon as practicable.

Dated: March 16, 2015

Amit P. Mehta
United States District Judge