UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Federal Trade Commission, *et al*.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Civil No. 1:15-cv-00256 (APM) |
| **Sysco Corporation, *et al*.,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs—the Federal Trade Commission ("FTC") and various states—have filed over 90 declarations of customers, distributors, and other participants in the broadline food industry as exhibits to their preliminary injunction motion filed on February 20, 2015.[1] The content of these declarations, as well as the names and affiliations of the third parties who provided them, have been treated as "Confidential Material" under a Protective Order first entered on February 23, 2015, and subsequently modified on March 13, 2015.  *See* Defs.' Mem., ECF No. 61 at 1; Protective Orders, ECF No. 25 and ECF No. 87.  Under the operative Protective Order, the only employees at Defendants Sysco Corp., USF Holding Corp., and US Foods, Inc., who may access any part of the declarations, including the identities of the declarants, are three members of their respective in-house legal teams. *See* ECF No. 87.

On March 6, 2015, Defendants filed a "Motion to Make Public Declarant Names and Affiliations."  ECF No. 60.  Though couched in terms of "public" disclosure, what Defendants principally seek is disclosure of the declarants' identities to "Sysco and US Foods employees who

---

[1] The court has not independently verified the number of declarations filed.  Ninety-two is the number cited by Defendants; Plaintiffs have not disputed that number.

interact with the declarant-customers and compete against the declarant-competitors on a day-to-day basis in the real world" in order to "test the witnesses' statements against Sysco and US Foods." Defs.' Mem. at 3. Plaintiffs oppose the motion, but acknowledge that the identities of the declarants may become public at a subsequent stage in the proceedings, such as during the preliminary injunction hearing or in the court's decision. Pls.' Opp'n Mem., ECF No. 66 at 5, n.3. Plaintiffs' objection thus pertains not to whether the declarants' identities should be disclosed at all, but rather to disclosing those identities at this stage to Defendants. *Id.* ("Before the hearing and decision phases, however, it is unnecessary to release publicly the names of all declarants.") (citations omitted). After considering the parties' arguments, the court concludes that Defendants shall be granted the relief they seek: to disclose the declarants' identities to their employees strictly for the purpose of preparing their defense. Defendants shall continue to be bound by the Protective Order's restriction against disclosing any content of the declarations that is designated "Confidential Material." The court reserves for another day the broader question whether the identities of the declarants should be made public.

Given the narrowed scope of inquiry, the applicable authorities are not those governing public disclosure, but rather those addressing the circumstances in which discovery material may be withheld from a party to a case. The Federal Rules of Civil Procedure provide for liberal discovery. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984). The Rules "do not differentiate between information that is private or intimate and that to which no privacy interests attach. . . . Thus, the Rules often allow extensive intrusion into the affairs of both litigants *and third parties.*" *Id.* at 30 (emphasis added). But "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial . . . of litigated disputes." *Id.* at 34. Because of the prospect for abuse,

"it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)." *Id.*

Rule 26(c) provides that for "good cause" a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Though a party seeking a protective order need not make a "concrete factual showing," *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1411 (D.C. Cir. 1996), it must do more than offer "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one," *Huthnance v. District of Columbia*, 255 F.R.D. 285, 296 (D.D.C. 2008) (citation omitted) (internal quotation marks omitted). "Accordingly, courts apply a balancing test, weighing the movant's proffer of harm against the adversary's significant interest in preparing for trial." *Id.* (citation omitted) (internal quotation marks omitted).[2]

Plaintiffs argue that the declarants' identities should remain confidential for two main reasons. First, if the declarants' identities were revealed, they might face retaliation from Defendants. Pls.' Opp'n Mem. at 1. Second, disclosure would have a "chilling effect" on witnesses whose cooperation the FTC may seek in future investigations. *Id.* at 5. The court finds that these concerns are unsubstantiated and are outweighed by Defendants' substantial interest in learning the identities of the declarants.

---

[2] Plaintiffs argue that, because there is an existing protective order, Defendants have the burden of showing "good cause" to modify it, as opposed to Plaintiffs bearing the burden of showing "good cause" for the restriction under Rule 26(c). Pls.' Opp'n Mem. at 2 (quoting *Infineon Tech. AG v. Green Power Tech. Ltd.*, 247 F.R.D. 1 (D.D.C. 2005)). The court is skeptical that Defendants bear the burden in the present circumstances. It is true that there is an existing protective order that Defendants are seeking to modify. However, unlike a suit such as *Infineon* between private actors who presumably conducted an arms-length negotiation over the terms of a protective order, Defendants here were put to the Hobson's choice of signing the Protective Order presented by Plaintiffs so their outside counsel could receive Plaintiffs' under seal filings or incur a delay in counsel's receipt of those filings until the court settled the final terms of the Protective Order. Defendants understandably signed the Protective Order and decided to leave for another day challenges to its specific terms. In any event, on whomever the burden may lie, the court concludes that the Protective Order should be modified to permit Defendants to disclose declarants' identities to their employees for the limited purpose of preparing their defense.

As evidence of potential retaliation, Plaintiffs point to one declaration provided by an FTC lawyer stating that the customer declarants told him that they fear "retaliation or retribution from Sysco and/or US Foods if Sysco and/or US Foods knew about their participation in the Commission's investigation." Quillian Decl., ECF No. 66-5, ¶ 5. The court will not impose a discovery restriction based on speculation by an unspecified number of unidentified declarants. Although the court understands that some third parties would prefer to avoid disclosure of their identities, as the Supreme Court observed in *Seattle Times*, the Rules allow for "extensive intrusion" into the affairs of third parties. 467 U.S. at 30. The disclosure of the third-party declarants' identities does not rise to the level of an "extensive intrusion." And the mere prospect of retaliation is not enough to trigger Rule 26(c)'s protective mechanism against such limited disclosure.

The court is likewise unpersuaded by Plaintiffs' concern about a chilling effect on future investigations. No one disputes that witness names have become *public* in past merger cases through pre-hearing disclosures and court decisions. *See, e.g.*, Pls.' Prelim. Ex. List, *United States v. H&R Block Inc.*, No. 11-cv-0948 (D.D.C. 2011), ECF No. 100; Ex. List, *FTC v. CCC Holdings, Inc.*, No. 08-cv-2043 (D.D.C. 2009), ECF No. 60-1; Pls.' Ex. List, *FTC v. Arch Coal*, No. 04-cv-0534 (D.D.C. 2004), ECF No. 77-2. Such disclosures seemingly have had little or no chilling effect, as demonstrated by the investigation that led to this case. Plaintiffs were able to obtain over 90 declarations from witnesses employed by companies of various sizes in various markets that compete or contract with Defendants. Many of the declarations run multiple, single-spaced pages in length and provide substantial detail about the declarants' businesses, their relationships with Defendants, and their views about the proposed merger. Though the declarants routinely requested that their identities be kept confidential and exempt from public disclosure, Plaintiffs

have pointed to only one unnamed declarant who expressly said that he would not have voluntarily participated in the investigation if he believed his name would become public. *See* Quillian Decl. ¶ 7. The court, therefore, is unconvinced that Plaintiffs' concern about a potential chilling effect outweighs Defendants' immediate need for the declarants' identities to prepare their defense.[3]

Plaintiffs have cited several statutes and regulations to support the continued non-disclosure of the declarants' identities. Pls.' Opp'n Mem. at 1. But those provisions are either (1) inapplicable, *see* 15 U.S.C. § 46(f) (non-disclosure of "any trade secret or any commercial or financial information" in reports to Congress); (2) concern non-disclosure in response to Freedom of Information Act ("FOIA") requests, *see* 15 U.S.C. § 57b-2(f) (restricting disclosure of "documentary material, tangible things, written reports or answers to questions, and transcripts of oral testimony" received in investigations from FOIA); 16 C.F.R. §§ 4.10, 4.11 (same); or (3) contain express exceptions for judicial proceedings, *see, e.g.*, 15 U.S.C. § 18a(h) (permitting disclosure "as may be relevant to any administrative or judicial action or proceeding").

Lastly, Plaintiffs' claimed need for pre-trial non-disclosure is substantially diminished by the FTC's own Rules of Practice, which strongly favor *public* disclosure. The Rules of Practice allow *in camera* treatment of evidence only after the administrative law judge has made a "finding that . . . public disclosure will likely result in a clearly defined, serious injury to the person, partnership, or corporation requesting *in camera* treatment or after finding that the material constitutes sensitive personal information." 16 C.F.R. § 3.45(b). Although Rule 3.45(b) is not a

---

[3] The court likewise is unpersuaded by Plaintiffs' argument that "the protective orders in *Ardagh*, *CCC Holdings*, and *Staples* each contains provisions stating that the identities of third parties who participated in Plaintiffs' investigation are presumptively confidential." Pls.' Opp'n Mem. at 2. The court has reviewed those protective orders, but ultimately finds that the circumstances of this case warrant Defendants' access to the declarants' identities. As Plaintiffs themselves acknowledge, "[p]rotective orders are flexible and designed to accommodate the relevant interests in each case." *Id.* at 2, n.1 (citation omitted).

discovery rule and applies only to materials actually submitted into evidence at the hearing, the FTC's Rules express a strong presumption in favor of transparency that diminishes Plaintiffs' stated need to keep the declarants' names secret.

In light of the foregoing, the court shall modify the Protective Order to add the following text to the end of the last line of paragraph 2:

> However, defense counsel shall be permitted to disclose the identity of a third-party submitter to an employee of a Defendant only after first giving notice to counsel for the FTC that defense counsel intends to make such disclosure for the purpose of preparing the defense. The FTC or the third-party submitter may petition the court for a protective order within 24 hours after receipt of notice from Defendant's counsel. (If the expiration of 24 hours occurs over the weekend or on a designated courthouse holiday, the time period shall be extended until noon on the next business day.) If no motion is filed within 24 hours, defense counsel may make the intended disclosure. Defendants' counsel shall instruct any employee to whom disclosure is made that (1) the disclosure is for the limited purpose of preparing the defense and (2) the submitter's identity and the fact that the submitter provided evidence in the investigation shall not be further disclosed or used for any purpose other than aiding counsel.

*See* Protective Order, *FTC v. CCC Holdings, Inc.*, No. 08-cv-2043, (D.D.C. 2009) (Collyer, J.), ECF No. 30, ¶ 12. If the FTC or a third party seeks a protective order under the above paragraph, the court will require him or her to offer more than "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Huthnance*, 255 F.R.D. at 296 (citation omitted) (internal quotation marks omitted).[4]

For the reasons stated herein, Defendants' Motion to Make Public Declarant Names and Affiliations is granted in part and denied in part. The Protective Order is hereby modified as set forth above. The parties, if they wish, may submit a revised Protective Order for the court's

---

[4] Shortly before the court filed this Memorandum Opinion and Order, it received an opposition from Third-Party Intervener Shamrock Foods Company, which expressed concern about the *public* disclosure of one its executive's names. ECF No. 91. The court has not ruled on public disclosure of declarants' identities, and the modified Protective Order will allow Shamrock's executive to challenge the disclosure of his name if Defendants wish to share it with one of their employees to prepare their defense.

signature; otherwise, this Memorandum Opinion and Order shall constitute an amendment to the Protective Order. The declarants' identities otherwise shall remain non-public, unless and until the court orders their disclosure.

Dated: March 18, 2015

Amit P. Mehta
United States District Judge