**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> SYSCO CORPORATION, <br> USF HOLDING CORP., and <br> US FOODS, INC., <br><br> Defendants. | Civil Action No. 15-cv-00256 (APM) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO FILE EXCESS PAGES**

Plaintiffs Federal Trade Commission ("FTC" or "Commission"), the District of Columbia, and the States of California, Illinois, Iowa, Maryland, Minnesota, Nebraska, North Carolina, Ohio, Pennsylvania, Tennessee, and Virginia (collectively, "Plaintiff States") respectfully oppose Defendants' Motion to file a 55-page brief in opposition to the Motion for Preliminary Injunction, which is 10 pages more than Local Rule 7(e) allows. The bases for this opposition are as follows:

1. In conformity with Local Rule 7(e), on February 20, 2015, the FTC, on behalf of itself and numerous Plaintiff States, filed a 45-page Memorandum in Support of the Motion for Temporary Restraining Order and Preliminary Injunction ("Plaintiffs' PI Brief"). This was no easy feat: the evidence and arguments supporting Plaintiffs' Motion for Preliminary Injunction could easily have consumed more than 60 pages. Nevertheless, the Plaintiffs – including each of the individual States that is especially concerned about the anticompetitive effects the merger would have within its specific jurisdiction –

narrowed their presentation of evidence and arguments to comply with the 45-page limit. Defendants should do the same.

2. Moreover, in the proposed Case Management and Scheduling Order ("CMSO") that the parties jointly submitted to the Court, Plaintiffs agreed to allow Defendants to file their opposition brief on April 21, 2015, some 60 days after the filing of Plaintiffs' PI Brief. Significantly, Plaintiffs also agreed in the jointly proposed CMSO to file their Reply Brief by April 29, 2015, a mere eight days after Defendants' opposition is due.

3. Defendants' request to file an opposition that is 10 pages longer than the Local Rules allow and 10 pages longer than the Plaintiffs' Brief is unfair, unnecessary, and should be denied.  The Local Rule limitation should apply equally to both sides.  Furthermore, it will be a challenge to reply to a 45-page brief in only eight days, particularly with all the other pre-trial deadlines that exist.  Allowing Defendants to file an even lengthier brief will be prejudicial to Plaintiffs.

4. Defendants also fail to mention that Performance Food Group ("PFG"), the proposed buyer of 11 US Foods distribution centers that Defendants put up for sale in an effort to cure the proposed merger's anticompetitive effects, has informed the parties that it intends to seek leave to file an *amicus* brief with this Court on April 21, 2015, in support of the possible merger.  PFG's counsel advised Plaintiffs' counsel that PFG's proposed *amicus* brief would be 30 pages in length.[1]

5. In these circumstances, where Plaintiffs strictly adhered to the 45-page limit, provided Defendants some 60 days to craft an opposition brief, and agreed to a very short Reply deadline, it would be unfair to not hold Defendants to the same page limitation.  Given non-party PFG's stated intent to seek leave to file yet another 30 pages of briefing in

---

[1] Plaintiffs intend to oppose PFG's belated proposal to participate in this case as an *amicus curiae*.

      support of Defendants' position, it appears that, collectively, Defendants and PFG seek to do an end run around the Local Rule's page limitations and force Plaintiffs to respond, within just eight days, to a massive briefing that far exceeds what the rules allow.

6. Finally, Defendants do not need an even-longer brief to present their case. They have ample opportunity to present their case already. Defendants have submitted two expert reports, one of which is 75 pages long and the other 28 pages long. Both of those reports have hundreds of pages of exhibits, and both experts are expected to testify at trial. And, this does not count Defendants' upcoming filing of their rebuttal expert reports, their deposition designations, their proposed hearing exhibits, and the proposed Findings of Fact and Conclusions of Law they will file under the CMSO. In short, Defendants will have more than a fair opportunity to present their case, without a brief that significantly exceeds what the Local Rules permit.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to File Excess Pages.

Dated: April 19, 2015

Of counsel:

DEBORAH L. FEINSTEIN (D.C. Bar 412109)
Director
Federal Trade Commission
Bureau of Competition

JONATHAN NUECHTERLEIN (D.C. Bar 442470)
General Counsel
Federal Trade Commission

ALEXIS J. GILMAN (D.C. Bar 483229)
Assistant Director

MARK D. SEIDMAN (D.C. Bar 980662)
Deputy Assistant Director

MELISSA L. DAVENPORT (D.C. Bar 990479)
CHRISTOPHER J. ABBOTT (D.C. Bar 1014487)
THOMAS H. BROCK (D.C. Bar 939207)
KRISHA A. CERILLI (D.C. Bar 983281)
MICHAEL B. DeRITA
DAVID J. LAING (D.C. Bar 418597)
MATTHEW MCDONALD
STEPHEN A. MOHR (D.C. Bar 982570)
JEANNE LIU NICHOLS
RYAN K. QUILLIAN (D.C. Bar 994846)
KRISTIAN ROGERS
CATHERINE M. SANCHEZ
SOPHIA VANDERGRIFT (D.C. Bar 1005319)

Attorneys
Federal Trade Commission
Bureau of Competition
Mergers IV Division

Respectfully Submitted,

 /s/  Stephen Weissman

STEPHEN WEISSMAN
D.C. Bar 451063
Deputy Director
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-2030
Email: sweissman@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 19th day of April, 2015, I filed the foregoing *Opposition to Defendants' Motion for Leave to File Excess Pages* with the Court using the CM/ECF System, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants.

                                      By:     /s/ Ryan K. Quillian
                                                Ryan K. Quillian
                                                *Counsel for Plaintiff Federal Trade Commission*