**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*, | |
| Plaintiffs | |
| v. | Civil Action No. 15-cv-00256 (APM) |
| **SYSCO CORPORATION,** | |
| and | |
| **USF HOLDING CORP.,** | |
| and | |
| **US FOODS, INC.,** | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO MOTION BY**
**PERFORMANCE FOOD GROUP, INC. TO FILE A BRIEF AS AMICUS CURIAE**

Plaintiffs Federal Trade Commission ("FTC" or "Commission"), the District of Columbia, and the States of California, Illinois, Iowa, Maryland, Minnesota, Nebraska, North Carolina, Ohio, Pennsylvania, Tennessee, and Virginia (collectively, "Plaintiff States") respectfully oppose the Motion of Performance Food Group, Inc. To File a Brief as Amicus Curiae. The bases for our opposition are as follows:

1. Performance Food Group, Inc. ("PFG") is the proposed buyer of 11 US Foods' distribution centers that Defendants put up for sale in an effort to cure the proposed merger's anticompetitive effects. On April 21, 2015, PFG filed a motion to appear as an amicus and to file a 32- page brief in support of the proposed merger, combined with more than 600 pages of exhibits.

2. The Federal Rules of Civil Procedure do not have any provisions regarding amicus briefs and thus a district court has very broad discretion in ruling on an amicus motion. *See Onondaga Indian Nation v. New York*, 1997 U.S. Dist. LEXIS 9168 (N.D.N.Y. 1997).   As explained in *Cobell v. Norton,* 246 F. Supp. 2d 59 (D.D.C. 2003) (Lamberth, J.) – which PFG cites but misinterprets[1] -- a court may grant a motion to appear as an amicus if (i) the litigant is not represented by counsel; (ii) the amicus has an interest in another case that may be affected by the case at bar; or (iii) the amicus has unique information that can help the court beyond what the lawyers for the litigants can provide. *Id.* at 62, *quoting Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1964 (7th Cir. 1997) (Posner, J.) (decision under Fed. R. App. P. 29).

3. PFG cannot justify an amicus brief under any of the *Cobell* standards:  Sysco and US Foods are well-represented by counsel; PFG has not suggested that this case might affect its interest in some other lawsuit; and PFG cannot show that it has unique information that Defendants cannot provide the Court.  Ever since Sysco and PFG signed the Asset Purchase Agreement, Defendants and PFG have shared identical litigation interests regarding the competitive effects of the merger and the proposed divestiture, and they share a consistent financial stake in the litigation. *See Cobell,* 246 F. Supp. 2d at 62; *Ryan*, 125 F.3d at 1063.   And, Defendants clearly can and will make the same arguments and present the same evidence that will support these identical interests, *including any relevant and admissible evidence that*

---

[1] Inexplicably, PFG does not advise the Court of the standards that *Cobell* applied, but instead, quoting a sound-bite from the opinion, suggests that *Cobell* merely requires that an amicus brief "may be helpful and of interest to the court."   Memorandum in Support of Motion by Performance Food Group, Inc. to File a Brief as Amicus Curiae ("PFG Memorandum in Support of Motion") at 4.

The other cases cited by PFG have little instructive value here.  In *Ellsworth Assocs. v. United States,* 917 F. Supp. 841 (D.D.C. 1996), and *National Ass'n of Home Builders v. United States Army Corps of Engineers*, 519 F. Supp 2d. 89 (D.D.C. 2007), the courts granted the motions of non-profit corporations or a public interest group to participate in the classic role of an amicus.  And, while *Tafas v. Dudas*, 511 F. Supp. 2d 652 (E.D.Va. 2007), permitted both nonprofit and private parties to file amicus briefs, it was a lawsuit challenging a regulation, based on the rulemaking record, under the Administrative Procedure Act.

*PFG might have*. Thus, for example, Defendants include in their preliminary injunction brief a section entitled "The PFG Divestiture Enhances Competition," and cite to the same PFG document, PFG-03-000139786, that PFG itself includes as Exhibit 4 to its proposed amicus brief.[2]

4.   Moreover, PFG's CEO is listed by both sides as a live hearing witness and has been subpoenaed to appear on May 7, 2015. The Court will have every opportunity to hear from PFG, through its CEO, at the hearing.

5.   Any amicus brief would prejudice Plaintiffs for the same reasons set forth in our Opposition to Defendants' Motion for Leave to File Excess Pages dated April 19, 2015. (Doc. 123). It is impossible for Plaintiffs to address Defendants' 45-page brief *and* PFG's 32- page brief in a short, 25-page reply brief due in 7 days. As we suggested in our earlier Opposition, this amicus brief can be viewed only as an attempt by Defendants and PFG to do an end run around the page limitations in the Local Rules. This tactic is disfavored by the courts. *See Ryan*, 125 F.3d at 1063-64 ("The petitioner's brief is 45 pages long; the [amicus] brief, if allowed to be submitted, would in effect bring that length up to 62 pages.")

6.   PFG's proposed amicus brief would be particularly prejudicial to Plaintiffs. PFG had to file its brief under seal because the brief includes more than 600 pages of exhibits in 11 attachments. But if PFG's motion is granted, these exhibits will be insulated from even the most basic procedural and evidentiary rules,[3] starting with the parties' opportunity, under the Court's Case Management and Scheduling Order, to object to each other's proposed exhibits.

7.   Finally, PFG incorrectly touts the minute order granting leave to an amicus in *Federal Trade Commission v. Arch Coal, Inc.,* No. 1:04 CV 00534 JDB, in an effort to justify its 32-page

---

[2] Memorandum of Defendants Sysco Corporation, USF Holding Corp., and US Foods, Inc. in Opposition to Plaintiffs' Motion for a Preliminary Injunction at 38 & n. 145, dated April 21, 2015.

[3] For example, two of these documents (Exhibits 2 and 3) were prepared by other third parties, not by PFG.

brief replete with more than 600 pages of exhibits. *See* PFG Memorandum in Support of

Motion, at 2, 5. After the *Arch Coal* court granted leave, the *Arch Coal* amicus filed two

memoranda which, combined, totaled only 10 pages. *See* Attachment A. And, the *Arch Coal*

amicus did not seek to introduce evidence; instead, it simply assured the court of its interest

in and ability to consummate the divesture, citing exhibits and the testimony *defendants*

presented at trial.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that the Court deny

the Motion by Performance Food Group, Inc. to File a Brief as Amicus Curiae. If the Court is

inclined to accept any amicus filing by PFG, it should be limited to ten (10) pages, and the

Plaintiffs should be allowed to respond to it by May 4, 2015, with a brief of equal length.

Respectfully submitted,

Dated:  April 22, 2015                 By:  /s/ Stephen Weissman
                                  Stephen Weissman, D.C. Bar No. 451063
                                  Alexis J. Gilman (D.C. Bar 483229)
                                  Mark D. Seidman (D.C. Bar 980662)
                                  Melissa L. Davenport (D.C. Bar 990479)
                                  Christopher J. Abbott (D.C. Bar 1014487)
                                  Thomas H. Brock (D.C. Bar 939207)
                                  Krisha A. Cerilli (D.C. Bar 983281)
                                  Michael B. DeRita
                                  David J. Laing (D.C. Bar 418597)
                                  Matthew McDonald
                                  Stephen A. Mohr (D.C. Bar 982570)
                                  Jeanne Liu Nichols
                                  Ryan K. Quillian (D.C. Bar 994846)
                                  Kristian Rogers
                                  Catherine M. Sanchez
                                  Sophia Vandergrift (D.C. Bar 1005319)
                                  Federal Trade Commission
                                  Bureau of Competition
                                  600 Pennsylvania Ave., NW
                                  Washington, DC 20580
                                  Telephone: (202) 326-2579
                                  Email: sweissman@ftc.gov

                                  *Counsel for Plaintiff Federal Trade Commission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of April, 2015, I served the foregoing on the

following counsel via ECF and/or electronic mail:

Richard Parker
Ian Simmons
Edward Hassi
Katrina M. Robson
Haidee Schwartz
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5380
rparker@omm.com
isimmons@omm.com
ehassi@omm.com
krobson@omm.com
hschwartz@omm.com

*Counsel for Defendant Sysco Corporation*

Joseph F. Tringali
Peter C. Thomas
Peter C. Herrick
Philip A. Mirrer-Singer
Andrea B. Levine
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-3840
jtringali@stblaw.com
pthomas@stblaw.com
peter.herrick@stblaw.com
pmirrer-singer@stblaw.com
alevine@stblaw.com

*Counsel for Defendants USF Holding Corp. and
US Foods, Inc.*

Tracy W. Wertz
Chief Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120

717-787-4530
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

Sarah Oxenham Allen
Assistant Attorney General
Consumer Protection Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
804-786-6557
SOAllen@oag.state.va.us

*Counsel for Plaintiff Commonwealth of Virginia*

Nicholas A. Bush
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
202-442-9841
nicholas.bush@dc.gov

*Counsel for Plaintiff District of Columbia*

Abiel Garcia
Deputy Attorney General
Office of the Attorney General of California
300 South Spring Street, Suite 1700
Los Angeles, CA 90013
213-897-2691
abiel.garcia@doj.ca.gov

*Counsel for Plaintiff State of California*

Robert W. Pratt
Office of Illinois Attorney General
100 West Randolph Street
Chicago, IL 60601
312-814-3722
rpratt@atg.state.il.us

*Counsel for Plaintiff State of Illinois*

Layne M. Lindebak
Assistant Attorney General
Iowa Department of Justice
Hoover Office Building, Second Floor
1305 East Walnut Street

Des Moines, IA 50309
515-281-7054
Layne.Lindebak@iowa.gov

*Counsel for Plaintiff State of Iowa*

Gary Honick
Assistant Attorney General
Office of the Maryland Attorney General
Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6470
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

Benjamin Velzen
Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
651-757-1235
benjamin.velzen@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

Collin Kessner
Assistant Attorney General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
402-471-2683
collin.kessner@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

Kimberly R. Parks
Antitrust Division
150 E. Gay Street, 23rd Floor
Columbus, OH 43215
(614) 466-4328
Kimberly.Parks@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

Victor J. Domen, Jr.
Senior Antitrust Counsel
Office of the Attorney General and Reporter
500 Charlotte Avenue
Nashville, TN 37202
(615) 253-3327
Vic.domen@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*


John M. Nannes
John R. Seward
Anjali B. Patel
Skadden, Arps, Slate, Meagher and Flom LLP
1440 New York Ave., N.W.
Washington, D.C.  20005
(202) 371- 7500
john.nannes@skadden.com
john.seward@skadden.com
anjali.patel@skadden.com

*Counsel for Performance Food Group, Inc.*


April 22, 2015                         By:      /s/ Stephen Weissman

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:04CV00534 (JDB) |
| v. | ) | |
| | ) | |
| ARCH COAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF *AMICUS CURIAE* PETER KIEWIT SONS', INC. TO
MOTION IN LIMINE BY PLAINTIFF FEDERAL TRADE COMMISSION
TO EXCLUDE ALL EVIDENCE AND ARGUMENT ON THE ISSUE OF REMEDY**

As *Amicus Curiae*, Peter Kiewit Sons', Inc. ("Kiewit") respectfully offers the Court its

response to the Motion In Limine by Plaintiff Federal Trade Commission to Exclude All

Evidence and Argument on the Issue of Remedy ("Motion"). The specific proposed remedy

addressed by Plaintiff's Motion is the asset purchase agreement ("Arch-Kiewit Agreement")

between Kiewit and Defendant Arch Coal, Inc. ("Arch"). Plaintiff asserts that the Arch-Kiewit

Agreement may never be consummated in the absence of a preliminary injunction. Kiewit

hereby responds to Plaintiff's Motion in order to make clear to the Court, as only Kiewit is in a

position to do, the resolve and intention of Kiewit to hold Arch to its obligation to consummate

the Arch-Kiewit Agreement.

Plaintiff contends that, because Arch and Kiewit could voluntarily renegotiate or modify

their agreement after Arch acquires Triton Coal Company, LLC ("Triton"), divestiture of the

Buckskin Mine to Kiewit is not guaranteed to take place. Kiewit's president and chief operating

officer is scheduled to appear as a witness at the hearing in part to address, as he did in his recent

deposition, Kiewit's intention to achieve consummation of the purchase of Buckskin from Arch without alteration of the Arch-Kiewit Agreement.

Kiewit is contractually committed to Arch to purchase, and Arch is contractually committed to Kiewit to sell, the Buckskin Mine. Plaintiff suggests that the Arch-Kiewit Agreement contains provisions that allow one or both parties to walk away from their obligations. Plaintiff refers to the provision that either party can terminate if the closing of the acquisition of the Buckskin Mine has not occurred by an expiration date of May 17, 2004. Contrary to Plaintiff's assertion, the applicable expiration date automatically extends through August 17, 2004 to coincide with the expiration date of Arch's purchase agreement with Vulcan and Triton.

There should be no doubt that Kiewit's interest in completing the acquisition of the Buckskin Mine from Arch is strong. If, as Plaintiff's Memorandum in support of its Motion suggests, Arch attempted to avoid its contractual obligation to convey the ownership of the Buckskin Mine to Kiewit, Kiewit would sue Arch to compel consummation of the Arch-Kiewit Agreement.

Finally, Plaintiff contends that Kiewit's incentive and resolve to consummate its agreed-upon purchase of the Buckskin Mine from Arch is "irrelevant." Respectfully, that is for the Court to determine upon a full understanding of the implications of Kiewit's acquisition intentions. The views and positions of Kiewit's president and chief operating officer, scheduled as a witness to address Kiewit's interest in acquiring the Buckskin Mine from Arch and Kiewit's intentions with respect to Buckskin once it acquires the mine, should be of value to the Court in making that determination.

DATED:  June 9, 2004                                    Respectfully submitted,

_____

Kenneth G. Starling
D.C. Bar No. 197806
Piper Rudnick LLP
1200 Nineteenth Street, N.W.
Washington, D.C.  20036
202-861-3830
(202)  689-7620 (facsimile)
kenneth.starling@piperrudnick.com

Attorney for *Amicus Curiae*
Peter Kiewit Sons', Inc.

## CERTIFICATE OF SERVICE

I certify that on June 9, 2004, a copy of the foregoing Response of *Amicus Curiae* Peter Kiewit Sons', Inc. To Motion In Limine By Plaintiff Federal Trade Commission To Exclude All Evidence And Argument On The Issue Of Remedy, was served via facsimile and United States mail upon:

> Melvin H. Orlans
> Senior Counsel
> Bureau of Competition
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W.
> Washington, D.C. 20580
> *Counsel for Plaintiff Federal Trade Commission*
>
> Anne E. Schneider
> Missouri Attorney General's Office
> P.O. Box 899
> Jefferson City, MO 65102
> *Counsel for Plaintiff States*
>
> Roxann E. Henry
> Howrey Simon Arnold & White LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> *Counsel for Defendant Arch Coal, Inc.*
>
> Richard Parker
> O'Melveny & Myers LLP
> 1625 Eye Street, N.W.
> Washington, D.C. 20006
> *Counsel for Defendants New Vulcan Coal Holdings, L.L.C. and Triton Coal Company, L.L.C.*

> Kenneth G. Starling
> D.C. Bar No. 197806
> Piper Rudnick LLP
> 1200 Nineteenth Street, N.W.
> Washington, D.C. 20036
> (202) 861-3830
> (202) 689-7620 (facsimile)
> kenneth.starling@piperrudnick.com
>
> Attorney for *Amicus Curiae*
> Peter Kiewit Sons', Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION, *et al.*,   )
)
Plaintiffs,   )
)   Case Number: 1:04CV00534 (JDB)
v.   )
)
ARCH COAL, INC., *et al.*,   )
)
Defendants.   )
)

## POST-HEARING BRIEF OF *AMICUS CURIAE*
## PETER KIEWIT SONS', INC.

Kenneth G. Starling (D.C. Bar #197806)
PIPER RUDNICK LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036
(202) 861-3830 (phone)
(202) 689-7620 (facsimile)

Attorney for *Amicus Curiae*
PETER KIEWIT SONS', INC.

I.      **Introduction**

      In the Court's Memorandum Opinion ("Mem. Op.") dated July 7, 2004, the Court has

correctly found that if the Arch-Triton merger is allowed to proceed, then the acquisition of the

Buckskin mine by Peter Kiewit Sons', Inc. ("Kiewit") from Arch "will definitely occur." Mem.

Op. at 5. Accordingly, the Court has also concluded that the transaction under the Court's

consideration is "properly viewed as the set of two transactions involving the acquisition of

Triton by Arch and the immediate divestiture of the Buckskin mine to Kiewit." Id. Thus, the

Court has before it the determination of the Federal Trade Commission's likelihood of success in

showing that the entire transaction in question, including the acquisition of the Buckskin mine by

Kiewit, may substantially lessen competition. *Amicus Curiae* Kiewit urges the Court to take into

consideration the substantial amount of evidence in the record relating to the procompetitive

effects that are likely to result from Kiewit's acquisition of the Buckskin mine.

II.     **The Future Competitiveness of the Buckskin Mine Under Kiewit Ownership**

      Kiewit is an employee-owned construction and mining company headquartered in

Omaha, Nebraska. Kiewit's 2003 annual revenues were approximately $3.4 billion. A

significant portion of Kiewit's assets consists of cash and cash equivalents, and Kiewit has only

minimal debt.

      Since 1944, Kiewit has been involved in developing and operating coal mines. Kiewit

currently owns or manages three producing coal mines - - the Decker mine in Montana, the

Black Butte mine in southwestern Wyoming, and the Walnut Creek lignite mine in Texas. In

addition, Kiewit manages two other Wyoming mines - - the Big Horn mine and the Rosebud

mine - - in reclamation. (DX 2007 at 3-4; Grewcock, Tr. (6/28 afternoon) at 34:6-14) For a long

time, Kiewit has been examining opportunities for expanding into the Southern Powder River

Basin. (Grewcock, Tr. (6/28 afternoon) at 41:19-23, 56:24-57:3, 59:16-18) Its acquisition of the Buckskin mine will provide Kiewit the opportunity to be a new competitive entrant into the Southern Powder River Basin.

The evidence adduced in the hearing establishes that Kiewit plans to be a "fierce, strong competitor" through its operation of the Buckskin mine, once it is acquired. (Grewcock, Tr. (6/28 afternoon) at 56:23-24) Mr. Grewcock, Kiewit's president and chief operating officer, explained that Kiewit's intention is to grow the mine (Grewcock, Tr. (6/28 afternoon) at 59:15-60:5), and Mr. Grewcock described the extensive financial analysis and operational modeling process through which Kiewit has identified the substantial expansion potential of the Buckskin mine. (DX 1089-0025614-18; Grewcock, Tr. (6/28 afternoon) at 49:21-52:24) The analysis used by Kiewit in evaluating Buckskin's expansion potential is Kiewit's standard methodology for evaluating all of its major investment opportunities. (Grewcock, Tr. (6/28 afternoon) at 46:22-47:17, 48:23-49:4, 50:2-20, 55:1-3) When applied to the Buckskin mine, Kiewit's analysis showed that the financial results of investment in the expansion of the mine are very attractive. (Grewcock, Tr. (6/28 afternoon) at 50:2-51:23, 55:14-21) Mr. Grewcock stated that, as soon as Kiewit completes its acquisition of the Buckskin mine, as chief operating officer he will initiate the processes of a) obtaining permits for the mine at production levels exceeding the current permitted limits, b) modeling the optimization of capital equipment, and c) reaching out to customers to determine demand. (Grewcock, Tr. (6/28 afternoon) at 59:15-60:5)

The record shows that Kiewit possesses the resources and advantages that will make the Buckskin mine an effective competitive producer. First, as Mr. Grewcock testified, Kiewit has accumulated over 50 years of experience in developing and expanding mines and producing and selling coal in the Powder River Basin, including its operation of the Decker mine, which was at

2

one time the largest coal mine in the United States. (DX 2007; DX 1077; Grewcock, Tr. (6/28 afternoon) at 30:4-35:2) Kiewit will bring this experience to the ownership of the Buckskin mine. Second, Kiewit currently supplies customers from the Decker mine which customers also purchase Southern Powder River Basin coal; this experience gives Kiewit familiarity with the customer base for the Buckskin mine. (Grewcock, Tr. (6/28 afternoon) at 42:5-9) Third, as Mr. Grewcock also testified, Kiewit has the internal financial resources needed to invest in expansion of the Buckskin mine's production capacity and reserves. (Grewcock, Tr. (6/28 afternoon) at 41:4-12) In addition to the resources currently possessed by Kiewit, Kiewit will acquire and be able to capitalize on numerous competitive advantages conferred by the Buckskin mine itself, including that a) it is a low cost mine to operate, b) it has a favorably low overburden strip ratio, c) it has plentiful, accessible, adjacent reserves, including the adjacent West Hay Creek reserves, the lease on which Kiewit plans to acquire if it acquires the Buckskin mine, and d) it can be expanded at attractive capital costs. (Grewcock, Tr. (6/28 afternoon) at 41:19-42:20, 50:2-51:23, 56:19-57:3)

The hearing record is clear on Kiewit's plans and ability to expand the Buckskin mine to the extent warranted in order to meet the future demand for coal. (Grewcock, Tr. (6/28 afternoon) at 52:7-24, 59:15-60:5, 62:25-63:6) As soon as it acquires the Buckskin mine ("on day one," as Mr. Grewcock testified), Kiewit will begin contacting current Buckskin customers and other coal customers to determine the demand for Buckskin output and to identify competitive opportunities to sell the Buckskin coal. (Grewcock, Tr. (6/28 afternoon) at 52:14-17) Mr. Grewcock testified that Kiewit's plan for Buckskin is to expand its rate of production to meet demand and to be a "fierce, strong competitor." (Grewcock, Tr. (6/28 afternoon) at 56:23-24) The competitive benefits that would result if Kiewit acquired and expanded the Buckskin

3

mine have been recognized by current purchasers of Southern Powder River Basin coal. (Freund, Tr. (6/21 afternoon) at 114:15-20; Stolwych, Tr. (6/23 morning) at 74:3-6; Lapplander, Tr. (7/7 morning) at 30:2-4; Stuchal, Tr. (7/7 morning) at 78:8-24)

## III.   Conclusion

*Amicus Curiae* Kiewit respectfully urges the Court, in evaluating the Plaintiff's likelihood of success in showing that the entire transaction may substantially lessen competition, to give due consideration to the substantial evidence of the procompetitive effects that are likely to result from Kiewit's expansion of the Buckskin mine to meet demand and its entry as a strong and aggressive competitor into the sale of Southern Powder River Basin coal.

Dated:  July 14, 2004                              Respectfully submitted,

Kenneth G. Starling (D.C. Bar #197806)
PIPER RUDNICK LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036
(202) 861-3830 (phone)
(202) 689-7620 (facsimile)

Attorney for *Amicus Curiae*
PETER KIEWIT SONS', INC.

4

## CERTIFICATE OF SERVICE

I certify that on July 14, 2004, a copy of the foregoing Post-Hearing Brief of *Amicus Curiae* Peter Kiewit Sons', Inc. was served via facsimile and United States mail upon:

> Melvin H. Orlans
> Senior Counsel
> Bureau of Competition
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W.
> Washington, D.C. 20580
> *Counsel for Plaintiff Federal Trade Commission*
>
> Anne E. Schneider
> Missouri Attorney General's Office
> P.O. Box 899
> Jefferson City, MO 65102
> *Counsel for Plaintiff States*
>
> Roxann E. Henry
> Howrey Simon Arnold & White LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> *Counsel for Defendant Arch Coal, Inc.*
>
> Richard Parker
> O'Melveny & Myers LLP
> 1625 Eye Street, N.W.
> Washington, D.C. 20006
> *Counsel for Defendants New Vulcan Coal Holdings, L.L.C. and Triton Coal Company, L.L.C.*

> Kenneth G. Starling
> D.C. Bar No. 197806
> Piper Rudnick LLP
> 1200 Nineteenth Street, N.W.
> Washington, D.C. 20036
> (202) 861-3830
> (202) 689-7620 (facsimile)
> kenneth.starling@piperrudnick.com
>
> Attorney for *Amicus Curiae*
> Peter Kiewit Sons', Inc.