IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SYSCO CORPORATION,<br><br>and<br><br>USF HOLDING CORP.,<br><br>and<br><br>US FOODS, INC.,<br><br>Defendants. | Civil Action No. 1:15-cv-00256-APM |

### REPLY BRIEF OF PERFORMANCE FOOD GROUP, INC. IN SUPPORT OF ITS MOTION TO FILE A BRIEF AS AMICUS CURIAE

Performance Food Group, Inc. ("PFG") submits this brief reply to the opposition filed by Plaintiffs to PFG's motion for leave to file an *amicus* brief in this proceeding. Plaintiffs do not dispute that PFG has a substantial interest in the case, but they contend that PFG does not have unique information that would be of benefit to the Court and that the *amicus* brief would prejudice them.

1. Plaintiffs cannot suggest that PFG does not have an interest in this case; rather, they argue that PFG's motion should be denied because PFG does not have an "interest in some other lawsuit" that may be affected by this one. Plaintiffs' Opposition to Motion By

Performance Food Group, Inc. To File A Brief As Amicus Curiae, ECF 131 ("Pl. Op.") at 2. But this turns logic on its head: PFG seeks to file an *amicus* brief in this case precisely because it is this case – not some other case – that will determine whether it will be permitted to acquire the 11 US Foods distribution centers.

    2. Plaintiffs concede that an *amicus* brief would be appropriate if PFG had "unique information," Pl. Op. at 2, but they contend that PFG cannot show that it has unique information because Sysco and PFG share "identical litigation interests" and "a consistent financial stake in the litigation." Pl. Op. at 2. But this is a non-sequitur. Plaintiffs have challenged the proposed divestiture and put directly into issue PFG's ability to be an effective competitor. Whatever interests PFG may (or may not) share with Defendants, it is PFG – and not Defendants – that is best able to provide the Court with information concerning PFG's capabilities and competitiveness. That information will be important for the Court to have as it evaluates the proposed divestiture.

    3. Plaintiffs contend that there is no need for PFG to file an *amicus* brief because its President and CEO, George Holm, will be called as a witness at the hearing. Pl. Op. at 3. But as Plaintiffs know, Mr. Holm will be examined and cross-examined by counsel for the parties in this case pursuant to what the parties deem relevant. There is no assurance that Mr. Holm will have an opportunity to present a full picture of PFG, both as it exists today and as it will exist if permitted to acquire the 11 US Foods distribution centers. The submission of an *amicus* brief by PFG is both the most efficient way to present information about PFG to the Court and the way least disruptive to the proceeding.

    4. Plaintiffs contend that responding to an *amicus* brief from PFG would be prejudicial given their need to file their reply brief next week. But, respectfully, PFG is

just addressing an issue that Plaintiffs have themselves put at issue in their Complaint and addressed in their pre-trial memorandum. As Plaintiffs recently argued and the Court noted, "the parties will have ample opportunity to brief and argue their positions following the evidentiary hearing." Minute Order (April 20, 2015). Thus, Plaintiffs will have "more than a fair opportunity to present their case,"[1] and also have the option of addressing PFG's *amicus* brief in their pre-trial reply brief or in their post-trial brief or both, if they so choose.

5. Plaintiffs suggest that responding to the *amicus* brief would be burdensome because PFG submitted "more than 600 pages of exhibits," Pl. Op. at 3, but they fail to note that almost 500 of those pages consist of the S-1 registration statement filed by PFG with the SEC last fall, which Plaintiffs themselves reportedly submitted to the Court in connection with their motion for a preliminary injunction, and the Asset Purchase Agreement and Transition Services Agreement, which were provided to the FTC months ago. There is nothing in the exhibits that is new to the FTC.

5. Finally, PFG responds to the suggestion by Plaintiffs that Defendants and PFG are trying to "do an end run around the page limitations in the Local Rules." Pl. Op. at 3. This is both inaccurate and unfair. It is inaccurate because PFG unilaterally determined that it – not the parties to the case – was best able to present information to the Court about the competitive benefits of the proposed divestiture; PFG is certainly better able to explain how it will compete with Sysco than Sysco is able to explain how PFG will compete with it. And it is unfair because, as Plaintiffs know very well, PFG has been

---

[1] *See* Plaintiffs' Opposition to Defendants' Motion for Leave to File Excess Pages, ECF 123, at 3.

cooperating with the FTC and various states for many months, has made numerous presentations regarding the proposed divestiture to them, and has done so with such independence that parties on both sides of this case have elected to call its President and CEO as a witness at the hearing.

    For these reasons, PFG respectfully requests that the Court grant its motion for leave to file its *amicus* brief in this proceeding.

Dated: April 22, 2015

Respectfully submitted,

  /s/ John M. Nannes
John M. Nannes (DC Bar No. 195966)
John R. Seward (DC Bar No. 469820)
Anjali B. Patel (DC Bar. No. 992095)
SKADDEN, ARPS, SLATE, MEAGHER
  AND FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
T:  (202) 371-7000
E:  john.nannes@skadden.com
E:  john.seward@skadden.com
E:  anjali.patel@skadden.com

*Counsel for Performance Food Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2015, I electronically filed the foregoing Reply Brief of Performance Food Group, Inc. in Support of Its Motion to File an Amicus Brief with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the counsel of record in this matter who are registered on CM/ECF.

**Counsel for Performance Food Group, Inc.**

          /s/ John M. Nannes
John M. Nannes (DC Bar No. 195966)
SKADDEN, ARPS, SLATE, MEAGHER
 AND FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
T:  (202) 371-7000
E:  john.nannes@skadden.com