UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Federal Trade Commission,** *et al.***,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil No. 1:15-cv-00256 (APM) |
| ) | |
| **Sysco Corporation,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Before the court are discovery disputes concerning (1) the timeliness of a supplemental declaration and (2) the deposition scheduling of three fact witnesses. The parties raised these disputes during the telephone conference held on April 24, 2015. There are two relevant deadlines at play. The parties agreed that affirmative declarations would be exchanged by April 6, 2015, with an exception for those witnesses who were under subpoena. Transcript of April 17, 2015 Conference Call at 7, FTC v. Sysco (No. 15-256). The purpose of this deadline was to allow the non-sponsoring party to collect documents and depose the declarant in a timely manner. In addition, under the Case Management and Scheduling Order, the parties were to complete fact discovery by April 14, 2015. Case Management and Scheduling Order ("CMSO"), ECF No. 63.

In addressing these disputes, the court is guided by the following general principles. First, because of the compressed schedule in this case, the court expected the parties to comply with the above discovery deadlines. Second, although these deadlines were not inflexible given the time pressure under which the parties were operating, the court expected that the parties would communicate with one another in good faith in making disclosures and setting schedules. Third,

the court notified the parties that disputes regarding discovery should be raised as soon as practicable. With these principles in mind, the court rules as follows:

**Mr. P.**

1.  Plaintiffs received Mr. P's initial declaration from Defendants via email on March 26, 2015. Plaintiffs then subpoenaed Mr. P to be deposed on April 14, 2015, but later amended the subpoena to set the deposition for April 21, 2015. The deposition did not occur on April 21, 2015, as Plaintiffs "postponed" it on April 16, 2015, without setting a new date. On April 22, 2015, Plaintiffs submitted Mr. P's counter-declaration, which Defendants have asked the court to exclude.

The court finds that the Mr. P's supplemental declaration is out of time. Plaintiffs did not disclose the supplemental declaration before the fact discovery cut-off date of April 14, 2015. And Plaintiffs have not offered good cause for why the supplemental declaration was disclosed after that date. Furthermore, Plaintiffs took Mr. P's deposition off the calendar for April 21, 2015, without disclosing that the apparent reason for doing so was to substitute his supplemental declaration for his testimony. The email communications between the parties show that Defendants intended to attend Mr. P's deposition, presumably to question him about the testimony elicited by Plaintiffs. Abruptly taking Mr. P's deposition off calendar and substituting it with a supplemental declaration at this late date after the close of discovery is simply unfair to Defendants.

Plaintiffs have argued that Defendants cannot complain about the late disclosure of Mr. P's declaration because he was not identified as a person with knowledge in Defendants' Rule 26(a) disclosures. But the evidence submitted by Defendants makes clear that Mr. P's declaration was disclosed as "a supplement to US Foods' 26(a) disclosures." Thus, the cases cited by Plaintiffs,

*U.S. ex rel. Fago v. M&T Mortgage Corp.*, 518 F. Supp. 2d 108, 114 (D.D.C. 2007), and *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 5-6 (D.D.C. 2009), are inapposite.  Mr. P's supplemental declaration therefore is excluded as untimely, and Plaintiffs shall not be permitted to take his deposition out of time.

**Mr. G**

2.      Defendants produced Mr. G's affirmative declaration to Plaintiffs on March 28, 2015.  Plaintiffs initially issued a subpoena with a deposition date of April 14, 2015, and later amended the subpoena to change the deposition date to April 21, 2015.  Mr. G's deposition did not take place on April 21, 2015.  Instead, on April 23, 2015, two days after his scheduled deposition date, Plaintiffs sent defense counsel an email indicating it had "spoken with [Mr. G] to discuss his deposition and have confirmed that his deposition will take place on Thursday, April 30."  It does not appear that Plaintiffs, as the CMSO requires, consulted with Defendants "prior to confirming [the] deposition to coordinate the time and place of the deposition," CMSO ¶ 12(a).

The court will preclude Plaintiffs from taking Mr. G's deposition on April 30, 2015.  The CMSO required Plaintiffs to consult with Defendants about deposition scheduling, and they did not do so.  Absent agreement by the parties, it is simply too late to permit Mr. G's out-of-time deposition to proceed.  Plaintiffs also are precluded from obtaining a counter-declaration from Mr. G.

**Mr. A**

3.      Defendants served Mr. A's affirmative declaration on April 3, 2015.  On April 6, 2015, Plaintiffs issued a subpoena noticing the deposition for April 20, 2015.  Plaintiffs issued an amended subpoena on April 16, 2015, resetting the deposition for April 30, 2015.  Though Plaintiffs apparently did not consult with Defendants before fixing the new date, Defendants did

not raise an objection with the court until nine days later on April 24, 2015. Defendants had ample opportunity to object to the rescheduled deposition, including conference calls held on April 17, 2015, and April 20, 2015. Defendants' objection to Mr. A's deposition therefore comes too late. Mr. A's deposition may proceed on April 30, 2015. However, Plaintiffs shall not be permitted to offer a counter-declaration as a substitute for his deposition testimony.

**Mr. M**

4. Defendants served Mr. M's original declaration on Plaintiffs on April 6, 2015. On April 10, 2015, the FTC issued a subpoena noticing Mr. M's deposition for April 30, 2015. Defendants did not, however, object to the timing of Mr. M's deposition until 14 days later on April 24, 2015. Therefore, their objection comes too late. Mr. M's deposition is permitted to go forward on April 30, 2015. However, Plaintiffs shall not be permitted to offer a counter-declaration as a substitute for his deposition testimony.

***

In light of the court's decisions concerning Mr. P's supplemental declaration and the testimony of Mr. G, to complete the record Plaintiffs may file under seal Mr. P's supplemental declaration and a proffer of Mr. G's expected testimony. Additionally, to complete the record, Defendants may file on the record Mr. Inwright's declaration, which the court ruled on during the April 20, 2015 teleconference.

Dated: April 27, 2015

Amit P. Mehta
United States District Judge