Sterling A. Brennan (California State Bar No. 126019)
    E-mail:  sbrennan@mabr.com
MASCHOFF BRENNAN LAYCOCK
    GILMORE ISRAELSEN & WRIGHT PLLC
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone:   (949) 202-1900
Facsimile:    (949) 453-1104

Attorneys for Third-Party HPSI PURCHASING SERVICES

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SYSCO CORPORATION, USF HOLDING CORP., and US FOODS, INC.,<br><br>　　　　　　Defendants. | Case No. 15-cv-00256 (APM)<br><br>**THIRD-PARTY HPSI PURCHASING SERVICES' REQUEST FOR PROTECTION OF ITS CONFIDENTIAL INFORMATION** |

Third-party HPSI Purchasing Services ("HPSI") is an independent, family-owned group purchasing organization.  In the course of serving its customers, HPSI contracts with food service providers like Sysco Corporation ("Sysco") and US Foods, Inc. ("US Foods").  There are, however, a number of competitors to Sysco and US Foods with whom HPSI also does business.  Because HPSI regularly negotiates contracts and agreements on a confidential basis with food service providers, including Sysco and US Foods, it is of critical importance that certain information held by HPSI not be disclosed or disseminated to those competing food service providers.  Likewise, it is of critical importance that details concerning HPSI customers not be disclosed.

HPSI received subpoenas to produce documents in the above-captioned action (the "Action") both from plaintiff Federal Trade Commission ("FTC") and defendant Sysco Corporation ("Sysco").  In addition, one of HPSI's officers, David Lindahl ("Mr. Lindahl"), was subpoenaed by Sysco to provide deposition testimony.  In response to those subpoenas, HPSI made clear to both the FTC and Sysco that the information being sought from it was highly confidential, and that it would suffer competitive injury if the information was publicly disclosed—even if it was disclosed internally to Sysco US Foods.  Indeed, in addition to protections afforded by protective orders in the Action, HPSI entered into an agreement with all parties to the Action further restricting their use and dissemination of information provided by HPSI.  (A copy of that agreement is attached hereto as Exhibit "A.)

HPSI also served written objections to the subpoenas, and its production of documents and Mr. Lindahl as a deponent were subject to those objections.  When HPSI produced documents in response to the subpoenas, many were designated as "Confidential" both pursuant

1.

to the protective orders and the parties' even more restrictive agreement.  Further, Mr. Lindahl appeared for deposition in the Action on April 2 2015.  As was emphasized "on the record" at his deposition, Mr. Lindahl's testimony also was designated as "Confidential" under both the protective orders and the parties' agreement.

HPSI is informed that at least Sysco intends to make use at an upcoming hearing of documents that HPSI produced in response to the subpoenas and designated as confidential.  Further, HPSI is informed that at least Sysco also intends to make use of various portions of Mr. Lindahl's deposition testimony—all of which again were designated as confidential.  Indeed, Mr. Lindahl expects to be called by at least Sysco as a live witness at the hearing, at which he may be asked to respond to questions by providing confidential information.

The documents and information that may be presented or elicited include, among other things, details concerning HPSI's customers, the dollar amounts of its sales, the ranking of customers, and the identities and rankings on a state-by-state basis of HPSI's food service providers.  The public disclosure of such information, or even the disclosure to persons within Sysco or US Foods with whom HPSI negotiates, would be highly prejudicial to HPSI.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HPSI hereby moves the Court and requests that if any such information is to be presented or elicited by any of the parties to the Action, that it not be publicly disclosed.  Instead, HPSI requests that such information be presented *in camera* and that the record of such information be sealed.  HPSI's undersigned counsel plans to appear at the hearing on May 8, 2015, at which time it is expected that Mr. Lindahl will be called as a witness.

Dated:  May 7, 2015

Respectfully submitted,

Sterling A. Brennan
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT

By:    */s/ Sterling A. Brennan*
          Sterling A. Brennan
Attorneys for Third-Party HPSI PURCHASING SERVICES

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of May 2015, a copy of the foregoing

**THIRD-PARTY HPSI PURCHASING SERVICES' REQUEST FOR PROTECTION OF ITS CONFIDENTIAL INFORMATION**

was served via e-mail to:

Edward D. Hassi, Esq.
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 2006
E-mail:   ehassi@omm.com

Mark D. Seidman, Esq.
Catherine M. Sanchez, Esq.
FEDERAL TRADE COMMISSION
400 7th Street, S.W.
Washington, D.C. 20024
E-mail:   mseidman@ftc.gov
          csanchez@ftc.gov

Joseph F. Tringali, Esq.
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
E-mail:   jtringali@stblaw.com

                                                           */s/ Sterling A. Brennan*
                                                            Sterling A. Brennan