# EXHIBIT A




949.202.1900 main
949.453.1104 fax
www.maschoffbrennan.com

Sterling A. Brennan
sbrennan@mabr.com

March 26, 2015

*Via Email*

Edward D. Hassi, Esq.
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 2006

Mark D. Seidman, Esq.
Catherine M. Sanchez, Esq.
FEDERAL TRADE COMMISSION
400 7th Street, S.W.
Washington, D.C. 20024

Joseph F. Tringali, Esq.
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017

Re: *Federal Trade Commission, et al. v. Sysco Corporation, et al.*
D.D.C. Case No. 15-cv-00256(APM)

Dear Counsel:

I write on behalf of third-party HPSI Purchasing Services ("HPSI") and David Lindahl with respect to the document subpoenas propounded to HPSI by Sysco Corporation ("Sysco") and the Federal Trade Commission ("FTC"), respectively, and the deposition subpoena propounded to Mr. Lindahl by Sysco, in connection with the above-referenced matter.

First, with respect to the deposition subpoena, we understand that Mr. Lindahl's deposition will be taken next Thursday, April 2, commencing at 9:00 a.m. PDT, at O'Melveny & Myers's Newport Beach office.

Second, with respect to Sysco's and the FTC's respective document subpoenas, we confirm, and request agreement by your respective clients to, the following:

A. HPSI either does not have (or, given the limited time and the breadth of the requests, has not been able to locate), or objects to producing, some of the documents requested by the subpoenas. Although in our view not required, HPSI is planning on serving both written objections *and* a response identifying





the document categories of the subpoenas to which HPSI does intend to make a production. We hope to have those responses ready either later today or tomorrow.

B. Given the highly abbreviated time for HPSI to respond to the subpoenas, HPSI intends to make a "rolling" production of documents that it is able to locate and is agreeable to producing. We expect that production will be made by means of a secure FTP site, to which we will give you, as outside counsel for the parties, access. We further expect that the initial tranche of documents could be available as soon as tomorrow, and the production can completed before Mr. Lindahl's deposition, *provided* that we first obtain your written confirmation of the terms of production, described herein.

C. HPSI is concerned about the confidentiality and commercial sensitivity of many of the documents it may produce. Consequently, as I have already discussed with Mr. Hassi and Ms. Sanchez, although HPSI highly values its working relationships both with Sysco and co-defendant US Foods, Inc. (together with co-defendant USF Holding Corp., "US Foods"), to avoid or at least minimize the prospect of prejudice, mistake, misunderstanding, inadvertent use or disclosure, or competitive disadvantage, HPSI will make production of documents it deems to be "Confidential Material" under the Court's March 13, 2015 "Protective Order Governing Confidential Material" ("Protective Order") *subject to* the parties' agreement (and if necessary modification of the Protective Order) that *none* of either Sysco's or US Foods' employees, including those identified in Exhibit A to the Protective Order, shall be given any access to any documents (or the contents of any such documents) that HPSI designates as Confidential Material.

D. HPSI is expecting that its document production, on the terms described herein, will satisfy both Sysco's and the FTC's subpoenas.

E. Although relatively few in number, HPSI does *not* intend to produce documents that qualify for privilege protection. To avoid further expense and delay, however, it does not intend to provide a privilege log. We seek the parties' agreement that HPSI's non-provision of such a log will in any way work or result in any waiver of any applicable privilege.

So that we can proceed, I would appreciate it if each of you, on behalf of your respective clients (and for the FTC's counsel, on behalf of all of the plaintiffs), would confirm agreement to the foregoing by signing and dating a copy of this letter at the spaces provided below and returning the signed copy to me at your earliest convenience.





Please let me know if you have any questions regarding the foregoing.

Sincerely,

MASCHOFF BRENNAN

*Sterling A. Brennan*

c: James B. Whitesides, Esq.

THE FOREGOING TERMS AND CONDITIONS OF HPSI'S DOCUMENT PRODUCTION IN RESPONSE TO SYSCO'S AND FTC'S SUBPOENAS ARE HEREBY ACKNOWLEDGED, AGREED TO, AND ACCEPTED:

For Sysco:

______________________________

Dated: 3/27/15

For US Foods:

______________________________

Dated: ________________________

For the FTC and Other Plaintiffs:

______________________________

Dated: ________________________





Please let me know if you have any questions regarding the foregoing.

Sincerely,

MASCHOFF BRENNAN

*Sterling A. Brennan*

c: James B. Whitesides, Esq.

THE FOREGOING TERMS AND CONDITIONS OF HPSI'S DOCUMENT PRODUCTION IN RESPONSE TO SYSCO'S AND FTC'S SUBPOENAS ARE HEREBY ACKNOWLEDGED, AGREED TO, AND ACCEPTED:

For Sysco:

______________________________

Dated: ______________________

For US Foods:

[signature]

Dated: 3/30/15

For the FTC and Other Plaintiffs:

______________________________

Dated: ______________________





Please let me know if you have any questions regarding the foregoing.

Sincerely,

MASCHOFF BRENNAN

*Sterling A. Brennan*

c: James B. Whitesides, Esq.

THE FOREGOING TERMS AND CONDITIONS OF HPSI'S DOCUMENT PRODUCTION IN RESPONSE TO SYSCO'S AND FTC'S SUBPOENAS ARE HEREBY ACKNOWLEDGED, AGREED TO, AND ACCEPTED:

For Sysco:

____________________________

Dated: ______________________

For US Foods:

____________________________

Dated: ______________________

For the FTC and Other Plaintiffs:

*Catherine M Sewer* [signature]

Dated: 3/30/15