**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> **SYSCO CORPORATION**, <br><br> and <br><br> **USF HOLDING CORP.**, <br><br> and <br><br> **US FOODS, INC.**, <br><br> Defendants. | Civil Action No. 15-cv-00256 (APM) |

## STATUS REPORT OF THE FEDERAL TRADE COMMISSION

Plaintiff Federal Trade Commission (the "FTC") submits the following Status Report in response to the Court's Minute Order dated July 13, 2015, which directed the FTC to address the question of what, if any, further action the Court should take with regard to its June 23, 2015, order granting Plaintiffs' motion for a preliminary injunction given the FTC's decision to dismiss the administrative complaint after Defendants abandoned their proposed merger.

Respectfully, the Court need not (and should not) take any further action with respect to the preliminary injunction order because the preliminary injunction expired by its own terms when the FTC dismissed the administrative complaint. *See* Order, ECF No. 179, ¶¶ 2, 4-5 (June 23, 2015) ("Sysco and US Foods are hereby enjoined . . . *until the completion of the administrative proceedings . . .*") (emphasis added); 11A Charles Alan Wright, et al., *Federal*

*Practice & Procedure* § 2947 (3d ed. 2015) ("A preliminary injunction remains in effect until a final judgment is rendered or the complaint is dismissed, *unless it expires earlier by its own terms*, or is modified, stayed, or reversed.") (emphasis added) (footnote omitted). Accordingly, there is no need to dissolve or do anything else with respect to the preliminary injunction order here. Indeed, in previous cases involving successful FTC challenges to proposed mergers under Section 13(b) of the FTC Act, courts in this district saw no need to take any action with respect to their preliminary injunction orders after the parties abandoned the transactions and the FTC therefore dismissed its administrative complaints. *See, e.g.*, *FTC v. Libbey Inc.*, Civ. No. 02-00060 (RBW) (D.D.C. 2002); *FTC v. Swedish Match N. Am. Inc.*, Civ. No. 00-01501 (TFH) (D.D.C. 2000).

If the Court is inclined to take any further action, the FTC believes it would be appropriate to enter an order administratively closing the case (after remaining confidentiality issues are resolved), which courts in this district have done in at least two cases after issuing a preliminary injunction against a merger that the parties then abandoned. *See FTC v. Staples, Inc.*, Civ. No. 97-00701, ECF No. 242 (TFH) (D.D.C. Aug. 4, 1997) (ordering the case administratively closed because "[i]t has been over thirty (30) days since the Court granted plaintiff's motion for a preliminary injunction" and "[n]o appeal has been taken and no subsequent motions have been filed"); *see also FTC v. CCC Holdings, Inc.*, Civ. No. 08-02043 (RMC), Minute Order (D.D.C. Oct. 5, 2009).

Dated:  July 20, 2015               Respectfully submitted,

                                         /s/ Stephen Weissman

                                       Stephen Weissman, D.C. Bar No. 451063
                                       Alexis J. Gilman (D.C. Bar 483229)

Mark D. Seidman (D.C. Bar 980662)
Melissa L. Davenport (D.C. Bar 990479)
Christopher J. Abbott (D.C. Bar 1014487)
Thomas H. Brock (D.C. Bar 939207)
Krisha A. Cerilli (D.C. Bar 983281)
David J. Laing (D.C. Bar 418597)
Matthew McDonald
Stephen A. Mohr (D.C. Bar 982570)
Jeanne Liu Nichols
Michael J. Perry
Ryan K. Quillian (D.C. Bar 994846)
Kristian Rogers
Catherine M. Sanchez
Sophia Vandergrift (D.C. Bar 1005319)

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-2579
Email: sweissman@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of July, 2015, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.

      /s/ Ryan K. Quillian
Ryan K. Quillian
Attorney for Plaintiff Federal Trade Commission